ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JOSEPH SCOTT,
    Petitioner

    -v-

UNITED STATES OF AMERICA,
    Respondent

CIVIL NO.: 5-267

CRIMINAL NO.: 99-CR-33-001(RRM)

FILED
MAY - 4 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

MEMORANDUM OF LAW
IN SUPPORT OF MOTION
PURSUANT TO 28 U.S.C. § 2255

COMES NOW, the Petitioner Joseph Scott, proceeding pro se, and respectfully submits this Memorandum of Law in support of his Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255, based upon several violations of Petitioner's Fifth and Sixth Amendment Constitutional Rights. In support thereof, Petitioner asserts the following:

### JURISDICTION

Jurisdiction is invoked pursuant to Title 28 U.S.C. § 2255, which provides that "A prisoner in custody under a sentence of a court established by an Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is

(1)

otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." (28 U.S.C. § 2255).

Since Petitioner's previous § 2255 motion was granted with respect to his claim that counsel was ineffective in failing to file a petition for writ of certiorari to the Supreme Court from the judgment by the Court of Appeals for the Third Circuit dated May 7, 2001, jurisdiction in this case is therefore proper pursuant to the holding in <u>United States v. Scott</u>, 124 F.3d 1328 (10th Cir. 1997) (holding that "Petitioner's motion to vacate sentence was not 'second or successive' motion under Antiterrorism and Effective Death Penalty Act ("AEDPA') provision requiring appellate court approval for filing second or successive motions, where petitioner's previous motion to vacate resulted in resentencing and reinstatement of petitioner's right to direct appeal.")

## PROCEDURAL HISTORY

On May 11, 1999, a federal grand jury sitting in the District of Delaware returned a nine-count Indictment charging the Petitioner Joseph Scott, Leroy Coley, Deanne Carty, Parris Wall, a/k/a "Petey," and Aaron Colloins, a/k/a "Erine," with (Count One) Conspiracy to distribute cocaine and concaine base a/k/a "crack," in violation of 21 U.S.C. § 841(a)(1)&(b)(1)(A), and 21 U.S.C. § 846; (Count Two), Possession with intent to distribute cacaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2; (Count Three and Five),

(2)

Possession with intent to distribute cocaine base a/k/a "crack," in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B): (Counts Six, Seven, Eight, and Nine) Distribution of cocaine base a/k/a "crack," in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).

The Petitioner was named in Counts One and Five of the Indictment. Leroy Coley was named in Counts One and Five. Parris Wall, a/k/a "Petey," was named in Counts One, Six, and Seven, and Aaron Collins, a/k/a "Erine," was named in Counts One, Eight, and Nine of the indictment.

Tiral commenced on September 27, 1999 and on October 8, 1999, the jury returned a mixed verdict, convicting the Petitioner on Counts 1 and 4, but acquitting hims on Counts 2,3, and 5; convicting Coley on Count 5, but acquitting him on Count 1; and convicting the defendant Wall on Count 1 and 7, but acquitting him on Count 6.

On January 31, 2000, Petitioner was sentenced to 30 years imprisonment, and on February 4, 2000, Petitioner filed a timely notice of appeal. On Appeal, Petitioner advanced three (3) arguments, namely:

> "The District Court's ruling denying counsel's motion to withdraw violated Scott's Sixth Amendment Right to self-representation; there was insufficient evidence to convict Scott of (1) conspiracy to distribute cocaine and cocaine base, and (2) distributing cocaine base on April 21, 1999; [and] the District Court erred when it sentenced Scott based on a pre-sentence report which concluded that Scott had committed the felonies which the jury had specifically acquitted him of and which also included facts that were not proven beyond a reasonable doubt."

(3)

Case 1:99-cr-00033-JJF   Document 290   Filed 05/04/2005   Page 6 of 18

By an Order with accompanying Memorandum of Opinion (unpublished) dated, May 7, 2001. the United States Court of Appeals for the Third Circuit, vacated the judgments of the District Court with instructions to resentence the defendants so that their terms of supervised release are consistent with law.

Subsequently, on April 29, 2002, Petitioner moved to vacate and set aside his sentence, pursuant to 28 U.S.C. § 2255, based upon the grounds that: (1) counsel was ineffective for failing to file a writ of certiorari to the United States Supreme Court; and (2) Petitioner's sentences were imposed in violation of the Supreme Court decision in <u>Apprendi v. New Jersey</u>, 120 S.Ct. 2348 (2000). Then by an Order dated June 23, 2003, the District Court granted Petitioner's motion with respect to the claim that counsel was ineffective in failing to file a petition for a writ of certiorari to the Supreme Court. Consequently, the Court vacated Petitioner's sentence and re-sentenced Petitioner to allow him to petition the Court of Appeals for the Third Circuit to recall and reissue its judgment so that he could timely file a petition for a writ of certiorari to the Supreme Court. The additional claims raised in Petitioner's § 2255 motion were denied, consistent with the reasons stated in the Memorandum Opinion of the District Court dated January 15, 2003.

(4)

Case 1:99-cr-00033-JJF   Document 290   Filed 05/04/2005   Page 8 of 18

On November 11, 2003, Petitioner filed a motion under Rule 41 of the Federal Rules of Appellate Procedure to carry out the intentions of the District Court as set forth in the Stipulated Order. And on January 13, 2004, the United States Court of Appeals for the Third Circuit granted Petitioner's Motion to recall it's previous mandate and to reissue a new mandate to allow Petitioner to file a timely petition for writ of certiorari with the United States Supreme Court. Petitioner filed a timely petition for writ of certiorari, which petition was denied by an Order of the United States Supreme Court dated, May 3, 2004. See Joseph Scott v. United States, Docket No. 03-9600. The instant action followed.

## STANDARD OF REVIEW

Petitioner is a layman of law and therefore his petition should be construed liberally or held to less stringent standards than formal pleadings drafted by a lawyer. Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

The primary argument in this matter turns upon the recent Supreme Court decision in United States v. Brooker, (Docket No. 04-104), decided on January 12, 2005, together with the case of United States v. Fanfan, (Docket No. 04-105). In these two cases the Court concluded, in part, that the imposition of enhancements under the Federal Sentencing Guidelines conflicted with the Rule announced in

(5)

Apprendi v. New Jersey, 530 U.S. 466 (2000), holding that any fact (other than prior conviction) that increases the range of penalty a defendant is subject to, must be submitted to a jury and proved beyond a reasonable doubt.

The Court also concluded, in part, that 18 U.S.C. § 3553(b)(1), which makes the Federal Sentencing Guidelines mandatory, is incompatible with today's Sixth Amendment "jury trial" holding and therefore must be severed and excised from the Sentencing Reform Act of 1984. Section 3742(e), which depends upon the Guidelines' mandatory nature, also must be severed and excised. So modified, the Act makes the Guidelines effectively advisory, requiring a sentencing court to consider the Guidelines ranges, see § 3553(a)(4), but permitting it to tailor the sentence in light of other statutory concerns.

POINT I: COUNSEL WAS INEFFECTIVE FOR FAILING TO RECOGNIZE AND ARGUE THAT THE RULING ANNOUNCED IN APPRENDI V. NEW JERSEY, APPLIES TO THE FEDERAL SENTENCING GUIDELINES

Petitioner respectfully submits that counsel knew or should have known that Title 18 U.S.C. § 3553(b)(1), which makes the Federal Sentencing Guidelines mandatory, is incompatible with the rule announced in Apprendi v. New Jersey, 530 U.S. 466 (2000), holding that any fact (other than prior conviction) that increases the range of penalty that a defendant is subject to, must be submitted to a jury and proved beyond a reasonable doubt. Thus, counsel was constitutionally ineffective for failing to argue on direct appeal and/or during re-sentencing,

(6)

Case 1:99-cr-00033-JJF    Document 290    Filed 05/04/2005    Page 12 of 18

that the enhancements Petitioner received under the Guidelines, involving drug type and quantity and other conduct that was neither found by a jury beyond a reasonable doubt, nor admitted to by the Petitioner, violated Petitioner's Sixth Amendment Right to a jury trial. See <u>United States v. Brooker</u>, (Docket No. 04-104), decided on January 12, 2005, together with <u>United States v. Fanfan</u>, (Docket No. 04-105).

Notably, in the instant case, the most severe enhancement the Petitioner received under the Federal Sentencing Guidelines involved the drug type and quantity that the sentencing court found, by a preponderance of the evidence standard, to be relevant conduct to the offense of conviction. However, since the jury in the instant case was specifically instructed that they need not determine the quantity of drugs involved in the offenses, and because drug quantity was not found by the jury beyond a reason doubt, nor admitted to by Petitioner, then pursuant to the holdings in <u>Apprendi</u>, <u>Brooker</u>, and <u>Fanfan</u>, Petitioner's base offense level under the Sentencing Guidelines should have been level 12, ( rather than the level 32 that Petitioner was sentenced under) which is the lowest base offense level that could be assigned in a drug offense.

The other improper enhancement Petitioner received under the Guidelines that are incompatible with the holdings in <u>Apprendi</u>, <u>Brooker</u>, and <u>Fanfan</u>; are: (1) a 4 level enhancement under U.S.S.G. § 3B1.1(a) for being a leader or organizer; and (2) a 2 level enhancement under

U.S.S.G. § 2D1.1, for possession of a firearm during or in relations t to a drgu trafficking offense.

Notably, under the guidelines, the above mentioned findings combined, required an enhanced sentence of 30 years to life, instead of the 3 or 4 years sentence authorized by the jury verdict alone. Since these facts were found by a judge, using a preponderance of the evidence standard, the sentences imposed therefore violated Petitioner's Sixth Amendment right to a jury trial, and counsel's failure to present this issue on direct appeal and/or during re-sentencing, rendered his performance constitutionally ineffective and deprived Petitioner of his Sixth Amendment right to effective assistance of counsel. Consequently, Petitioner sentences must be vacated.

## CONCLUSION

WHEREFPRE, based upon the facts in the Petitioner's case, as well as the arguments of law contained herein, Petitioner prays that this Honorable Court issue an order vacating the sentences imposed, or alternatively, afford Petitioner an evidentiary hearing.

Dated: this 28th, day of January 2005

Respectfully submitted,

*Joseph Scott*
Joseph Scott, pro se
Reg. #04194-015
F.C.I. Fairton
P.O. Box 420
Fairton, New Jersey 08320

Case 1:99-cr-00033-JJF    Document 290    Filed 05/04/2005    Page 16 of 18

Joseph Scott
04194-015
P.O Box 420
fairton, NJ 08320

MAY 7 2005          2    MAY

SOUTH JER

Office of the
United State
844 N King
Wilmington