IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| JOSEPH SCOTT,              : | |
|     Petitioner,       : | |
| v.                          : | Cr. No. 99-33-001-JJF |
|                             : | Civ. No. 05-267-JJF |
| UNITED STATES OF AMERICA,   : | |
|     Respondent.       : | |

### MEMORANDUM ORDER

**I. INTRODUCTION**

Petitioner Joseph Scott is a federal prisoner housed at FCI Fairton in Fairton, New Jersey. On May 4, 2005, Petitioner filed a Motion To Vacate, Set Aside, Or Correct Sentence Pursuant To 28 U.S.C. § 2255. (D.I. 289.; D.I. 290.) For the reasons stated below, the Court will dismiss his § 2255 Motion as second or successive.

**II. FACTUAL AND PROCEDURAL BACKGROUND**

As stated in the Court's Memorandum Opinion denying Petitioner's first § 2255 Motion:

> On May 11, 1999, [Petitioner] and four others were charged in a multiple count indictment. In Count One of the Indictment, [Petitioner] and his co-defendants were charged with conspiracy to distribute cocaine and crack cocaine from mid-November 1998 to May 11, 1999. In Count Four of the Indictment, [Petitioner] was charged by himself with distribution of crack cocaine on April 21, 1999. Two of the defendants entered guilty pleas and testified at trial as government witnesses. The remaining defendants were tried before the Court on September and October 1999. [Petitioner]

>    was convicted of the charges set forth in Count One and
>    Count Four of the Indictment. The remaining co-defendants
>    were also convicted of at least one count each.
>
>    On January 31, 2000, the Court sentenced [Petitioner]
>    to 360 months imprisonment. [Petitioner] appealed to the
>    Court of Appeals for the Third Circuit. During the pendency
>    of his appeal, the Supreme Court decided <u>Apprendi v. New
>    Jersey</u>, 530 U.S. 466 (2000). The [Petitioner] raised
>    <u>Apprendi</u> issues in his appeal, and the Third Circuit
>    rejected the majority of the issues he raised. The Third
>    Circuit remanded the case only for resentencing on the
>    length of supervised release.

<u>United States v. Scott</u>, 243 F.Supp.2d 97, 99-100 (D. Del. Jan. 15, 2003).

On May 9, 2002, Petitioner filed in this Court his first § 2255 Motion To Vacate, Set Aside, Or Correct Sentence. (D.I. 192.) Petitioner's Motion asserted five ineffective assistance of counsel claims. Four of these claims were based upon alleged ramifications of <u>Apprendi</u>. The Court denied these claims on the merits. The remaining claim alleged that counsel was ineffective for failing to file a petition for rehearing and/or a petition for a writ of certiorari. After determining that it could not resolve this question on the record before it, the Court granted Petitioner's § 2255 Motion with respect to this claim and held an evidentiary hearing. <u>Id.</u> at 100-01. Petitioner ultimately filed a petition for a writ of certiorari in the United States Supreme Court. (D.I. 249.) The Supreme Court denied the petition. <u>Scott v. United States</u>, 541 U.S. 1035 (2004).

Presently before the Court is Petitioner's new § 2255 Motion. (D.I. 289; D.I. 290.) This Motion asserts that Petitioner's counsel provided ineffective assistance by failing to recognize and argue on direct appeal and/or during re-sentencing that the rule announced in Apprendi v. New Jersey, 530 U.S. 466 (2000) applies to the Federal Sentencing Guidelines.

## III. DISCUSSION

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214. The AEDPA provides that certain federal prisoners who have previously filed habeas motions must first obtain leave from the court of appeals to file the second or successive motion in district court. 28 U.S.C. § 2255. A § 2255 motion is classified as second or successive if a prior § 2255 motion, challenging the same conviction and sentence, has been decided on the merits. See Slack v. McDaniel, 529 U.S. 473, 485-86 (2000)("a habeas petition filed in the district court after an initial habeas petition was unadjudicated on the merits and dismissed for failure to exhaust state remedies is not a second or successive petition"). When a petitioner presents a second or successive § 2255 motion, the court of appeals can certify the motion for review by the district court if it finds the motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to

3

>establish by clear and convincing evidence that no
>reasonable factfinder would have found the movant guilty of
>the offense; or
>(2) a new rule of constitutional law, made retroactive to
>cases on collateral review by the Supreme Court, that was
>previously unavailable.

28 U.S.C. § 2255; 28 U.S.C. § 2244(b)(3).

Here, Petitioner contends that the instant § 2255 motion is not second or successive, and he cites United States v. Scott, 124 F.3d 1328 (10th Cir. 1997) to support this argument. In Scott, the petitioner's first § 2255 motion alleged that his counsel did not file a direct appeal. The district judge granted the § 2255 motion, held a re-sentencing hearing, and issued the same sentence originally imposed. The petitioner appealed, and the Court of Appeals affirmed. Id. at 1328-29. When the petitioner presented a subsequent 2255 motion, the Court of Appeals for the Tenth Circuit held that "because of the unique situation presented when the granting of the prior [§ 2255] motion merely reinstated the right to a direct appeal, the first subsequent motion is not a second or successive motion under AEDPA." Id. at 1330.

Here, Petitioner analogizes the right to obtain certiorari review with the right to a direct appeal, and argues that the instant Motion is not second or successive "because his previous § 2255 motion was granted with respect to his claim that counsel was ineffective in failing to file a petition for writ of certiorari to the Supreme Court from the judgment of the Court of

4

Appeals for the Third Circuit dated May 7, 2001." (D.I. 290, at 2.)

As an initial matter, the Court notes that the more proper authority for Petitioner's argument is the recent Third Circuit opinion In re Olabode, 325 F.3d 166 (3d Cir. 2003). In Olabode, the petitioner's first § 2255 motion asserted that his counsel did not file an appeal as he directed. The district court granted the petitioner's § 2255 motion, and re-sentenced him in order to allow for the filing of an appeal. Id. at 168. After his appeal, the petitioner filed another § 2255 motion, this time alleging "that trial counsel misrepresented the terms of the plea agreement and that the evidence was insufficient to support his guilty plea." Id. The district court concluded that the subsequent § 2255 motion was second or successive, and transferred it to the Third Circuit for authorization to file a second or successive § 2255 motion.

The Third Circuit, however, disagreed with the district court's determination that the § 2255 motion was second or successive. It specifically held that the petitioner's "§ 2255 motion is not second or successive under AEDPA as [his] first § 2255 motion merely sought reinstatement of his right to a direct appeal." Id. at 173.

Here, unlike Olabode, Petitioner's first § 2255 Motion did not "merely [seek] the right" to appeal. Rather, his first §

5

2255 Motion sought the right to seek certiorari review and also challenged his 1999/2000 sentence on four other grounds. The Court assumes without deciding that Petitioner's right to seek certiorari review is analagous to his right to seek an appeal. However, the fact that his first § 2255 Motion raised four other ineffective assistance grounds challenging his 1999/2000 sentence differentiates his situation from the one in Olabode. All of Petitioner's other grounds were premised upon the ramifications of Apprendi, and the Court denied these claims on their merits. Petitioner's instant § 2255 motion collaterally attacks the same 1999/2000 sentence, and again, he premises his challenge upon the ramifications of Apprendi. As such, the Court concludes that the instant Motion is a second or successive § 2255 motion. See 28 U.S.C. § 2244(a),(b)(3); 28 U.S.C. § 2255.

The Court notes, however, that Petitioner phrases his instant claim in terms of the recent United States Supreme Court opinion United States v. Booker, 543 U.S. - , 125 S.Ct. 738 (2005), perhaps in an attempt to fit within the "new rule of constitutional law" exception to the successive or second determination. 28 U.S.C. § 2244(b)(2)(A); 28 U.S.C. § 2255. In Booker, the Supreme Court held that Apprendi applies to the Federal Sentencing Guidelines, transforming them from mandatory to advisory guidelines. Booker, 125 S.Ct. at 756. Here, Petitioner contends that counsel was ineffective for failing to

predict the Booker holding and make the same argument in his case. The Third Circuit recently held that Booker does not apply retroactively on collateral review for a successive § 2255 motion. In re Olopade, 403 F.3d 159, 160 (3d Cir. 2005). Thus, despite premising his current habeas claim upon Booker as well as Apprendi, Petitioner's instant Motion is still successive.

The record is clear that Petitioner has not obtained an order from the Third Circuit Court of Appeals authorizing the Court to consider this Motion. See 28 U.S.C. § 2244(b)(3). Accordingly, pursuant to 28 U.S.C. §§ 2244(a) and 2255, the Court will dismiss Petitioner's current § 2255 Motion for lack of jurisdiction. See Robinson v. Johnson, 313 F.3d 128, 139-40 (3d Cir. 2002)("When a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals"); Torres v. Senkowski, 316 F.3d 147, 152 (2d Cir. 2003)(holding that a district court must dismiss a second or successive habeas petition).

To assist Petitioner in applying for leave to file a successive § 2255 motion, the Court has attached the appropriate forms to this Memorandum Order.

IV. CONCLUSION

THEREFORE, at Wilmington this 13 day of July, 2005;
IT IS ORDERED that:

1. Petitioner Joseph Scott's Motion To Vacate, Set Aside, Or Correct Sentence Pursuant To 28 U.S.C. § 2255 is DISMISSED. (D.I. 289.)

2. Petitioner has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and a certificate of appealability is not warranted. See United States v. Eyer, 113 F.3d 470 (3d Cir. 1997); Third Cir. Local Appellate Rule 22.2 (2000).

3. To assist Petitioner in applying for leave to file a successive § 2255 motion, the clerk shall attach the appropriate forms to this Memorandum Order.

4. Pursuant to Rule 4(b) of the Rules Governing Section 2255 Motions, 28 U.S.C. foll. § 2255, the clerk shall send a copy of this Memorandum Order upon: (1) petitioner; and (2) the United States Attorney for the District of Delaware.

/s/ Joseph J. Farnan, Jr.<br>
United States District Judge