IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Crim. No. 99-33-1-SLR |
| | ) | |
| JOSEPH SCOTT, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

At Wilmington this 6th day of January, 2012, having considered defendant's motion for relief pursuant to Fed. R. Civ. P. 60(d)(1) and 60(d)(3), and the papers submitted in connection therein;

IT IS ORDERED that, for the reasons that follow, defendant's motion (D.I. 367) is dismissed.

1. On October 8, 1999, a jury found defendant guilty on counts one and four of an indictment.[1] (D.I. 93) He was sentenced to 360 months of imprisonment on each count. In February 2000, defendant appealed his conviction and sentence. The United States Court of Appeals for the Third Circuit affirmed the conviction, but reversed and remanded with instructions to re-sentence defendant on the term of supervised release.

---

[1] Counts one and four charged defendant with conspiracy to distribute cocaine base and cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 846, and possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(a)(B). (D.I. 2)

(D.I. 172) On June 19, 2001, defendant was re-sentenced to a term of five years of supervised release to run concurrent on each count of conviction.

2. On May 9, 2002, defendant filed a motion to vacate pursuant to 28 U.S.C. § 2255, raising five claims of ineffective assistance of counsel. (D.I. 192) The court denied four of his claims,[2] but granted relief on the fifth claim[3] after conducting an evidentiary hearing. Thereafter, defendant filed a petition for writ of certiorari with the United States Supreme Court, which was denied. (D.I. 249)

3. On May 4, 2005, defendant filed a second motion to vacate pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel. (D.I. 289) Defendant argued that his attorney failed to recognize and argue on direct appeal and/or re-sentencing the *Apprendi* decision.

4. On July 13, 2005, the court dismissed defendant's motion, finding he "failed to make a substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2255(c)(2) and that a certificate of appealability was not warranted. (D.I. 299) The court directed that forms for applying for leave to file a successive § 2255 motion be attached to the order and mailed to defendant.

5. On March 3, 2011, defendant filed the instant motion pursuant to Fed. R. Civ. P. 60(d)(1) and (3), seeking a reduction of his sentence. (D.I. 371) He contends that, under the Supreme Court's decision in *United States v. Begay*, 553 U.S. 137 (2008), he

---

[2]Based on the Supreme Court's decision in *Apprendi v. New Jersey,* 530 U.S. 466 (2000).

[3]Ineffective assistance for failing to file a petition for rehearing and/or for failing to file a petition for a writ of certiorari and requesting the right to seek certiorari review.

2

is not a career offender under U.S.S.G. § 4B1.1, and failure to correct this sentencing error will result in a miscarriage of justice and fraud on the court.

6. On May 5, 2011, defendant filed, in the Third Circuit, a motion pursuant to 28 U.S.C. § 2244 for an order authorizing the district court to consider his successive habeas application. *In re Scott*, Civ. No. 11-2147 (3d Cir. 2011). In this motion, defendant asserted the same arguments proffered in the motion at bar.

7. The Third Circuit denied defendant's motion, finding that his claims under *Begay* and for ineffective assistance of counsel do not satisfy the requirements of 28 U.S.C. § 2244. Specifically, the court found that defendant's contentions

> do not rely on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable, or newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [defendant] guilty of the offense.

*In re Scott*, Civ. No. 11-2147 (3d Cir. June 2, 2011).

8. The Anti-Terrorism and Effective Death Penalty Act "established a stringent set of procedures" for the presentation of second or successive habeas corpus applications to the federal courts. *Burton v. Stewart*, 549 U.S. 147, 152 (2007). Specifically, prior to filing the application in district court, the prisoner must move in the appropriate court of appeals for an order authorizing the district court to consider the application. *Id.*; 28 U.S.C. § 2244(b)(3)(A). "A three-judge panel of the court of appeals may authorize the filing of the second or successive application only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2)." *Id.* at 153. In light of the Third Circuit's denial of defendant's request to file

3

a successive § 2255 motion, the court is without jurisdiction to entertain defendant's motion.

_____
United States District Judge