IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSEPH SCOTT, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Crim. No. 99-033-SLR |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM**

1. **Background.** On October 8, 1999, a jury found movant guilty of conspiracy to distribute cocaine base and cocaine, and possession with intent to distribute cocaine base. (D.I. 93) He was sentenced as a career offender under the then-mandatory sentencing guidelines to 360 months of imprisonment and five years of supervised release. (D.I. 133) Movant appealed. In an opinion dated May 7, 2001, with a corresponding mandate dated May 29, 2001, the Third Circuit Court of Appeals affirmed movant's sentence for 360 months' imprisonment, but vacated his five-year supervised term, and remanded with instructions to re-sentence the supervised release term to three years. (D.I. 172) On June 19, 2001, movant was re-sentenced to 360 months' of incarceration and three years of supervised release. (D.I. 178)

2. In May 2002, movant filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (D.I. 192) The Honorable Joseph J. Farnan, Jr. denied four of his claims, but granted relief on the fifth claim alleging ineffective assistance of appellate counsel for failing to file a petition for writ of certiorari. (D.I. 206; D.I. 207)

3. On June 19, 2003, the government and defense counsel filed a stipulated order stating the following:

> [U]pon agreement of counsel for the United States and Joseph Scott, it is ORDERED AND DECREED that [movant's] motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody is granted with respect to the claim that counsel was ineffective in failing to file a petition for a writ of certiorari to the Supreme Court from the judgment by the Court of Appeals for the Third Circuit dated May 7, 2001 affirming the judgment of sentence. It is the intention of this Court that [movant] be permitted, if he wishes, to petition the Court of Appeals for the Third Circuit to recall and reissue its judgment and corresponding mandate so that [movant] can timely file a petition for a writ of certiorari to the Supreme Court. The additional claims raised in [movant's] motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody are denied consistent with the reasons stated in the January 15, 2004 Memorandum Opinion of the Court's Order dated January 15, 2003.

(D.I. 239) Judge Farnan granted the stipulated order on June 24, 2003.

4. On January 13, 2004, the Third Circuit granted movant's motion to recall its mandate dated May 29, 2001 to enable movant to file a writ of certiorari with the United States Supreme Court. (D.I. 244)

5. On January 29, 2004, the Third Circuit recalled and reissued its 2001 mandate, and this court received a certified copy of that reissued mandate on May 13, 2004. (D.I. 256)

6. On March 12, 2004, movant filed a petition for writ of certiorari with the United States Supreme Court. (D.I. 249) The Supreme Court denied movant's petition for certiorari on or about May 6, 2004. *See Scott v. United States*, 541 U.S. 1035 (2004).

7. On May 4, 2005, movant filed a second § 2255 motion, alleging ineffective assistance of counsel. (D.I. 289) Judge Farnan dismissed the § 2255 motion on

2

July 13, 2005 after determining that it constituted an unauthorized second or successive § 2255 motion. (D.I. 299) Movant did not appeal that decision.

8. In March 2011, movant filed in this court a motion to reconsider the denial of his first § 2255 motion pursuant to Federal Rule of Civil Procedure 60(d)(1) and (3), seeking a reduction of his sentence. (D.I. 367) Citing *United States v. Begay*, 553 U.S. 137 (2008), movant contended that he could not be considered a career offender under U.S.S.G. § 4B1.1, and that failure to correct the sentencing error would result in a miscarriage of justice.

9. In May 2011, while his Rule 60(d) motion was still pending before this court, movant filed in the Third Circuit a motion requesting authorization to file a second or successive § 2255 motion which asserted the same *Begay* argument that was presented in his Rule 60(d) motion. The Third Circuit denied the request. *See In re Scott*, Civ. No. 11-2147 (3d Cir. 2011).

10. In January 2012, the court denied movant's Rule 60(d) motion for reconsideration after concluding that it constituted an unauthorized second or successive § 2255 motion. (D.I. 372)

11. On September 8, 2014, movant filed a motion to reconsider the 2005 dismissal of his second § 2255 motion pursuant to Federal Rule of Civil Procedure 60(b)(6) and 60(d)(1). (D.I. 373) In January 2015, movant filed a motion for the court to issue an order to show cause why his § 2255 motion should not be granted. (D.I. 374)

12. **Standard of Review.** A motion for reconsideration filed pursuant to Federal Rule of Civil Procedure 60(b) "allows a party to seek relief from a final judgment, and

3

request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Rule 60(b) provides that a party may file a motion for relief from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence by which due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

13. Rule 60(b) motions are left to the sound discretion of the trial court, consistent with accepted legal principles applied in light of all relevant circumstances. *Pierce Assoc. Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988). A court may grant a Rule 60(b) motion only in extraordinary circumstances,[1] and a Rule 60(b) motion is not appropriate to reargue issues that the court has already considered and decided. *Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). In addition, a Rule 60(b)(6) motion must be filed within a "reasonable time,"[2] which is determined by considering the interest of finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and the consideration of prejudice, if any, to other parties. *See Dietsch v. United States*, 2 F. Supp. 2d 627, 633 (D.N.J. 1988). As a

---

[1] *Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987).

[2] *See Delzona Corp. v. Sacks*, 265 F.2d 157, 159 (3d Cir. 1959).

4

general rule, a Rule 60(b)(6) motion filed more than one year after final judgment is untimely unless "extraordinary circumstances" excuse the party's failure to proceed sooner. *See generally Ackerman v. United States*, 340 U.S. 193, 202 (1950).

14. Rule 60(d)(1) permits a court to "entertain an independent action to relieve a party from a judgment, order, or proceeding." Fed. R. Civ. P. 60(d)(1).

15. Additionally, when, as here, a district court is presented with a motion for reconsideration after it has denied a movant's § 2255 motion, the court must first determine if the motion constitutes a second or successive application under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). As articulated by the Third Circuit,

> in those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition.

*Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004). Under AEDPA, a prisoner cannot file a second or successive habeas application without first obtaining approval from the Court of Appeals and, absent such authorization, a district court cannot consider the merits of a subsequent application. 28 U.S.C. § 2244(b)(3)(A); *Robinson v. Johnson*, 313 F.3d 128, 139-40 (3d Cir. 2002).

16. **Discussion**. Movant's Rule 60(b)(6) and (d)(1) motion seeks relief from the 2005 dismissal of his second § 2255 motion on the basis of *Magwood v. Patterson*, 561 U.S. 320, 341 (2010). (D.I. 373) In *Magwood,* the Supreme Court held that a state prisoner's habeas application is not second or successive "where . . . there is a new

5

judgment intervening between the two habeas [applications]," and the second habeas application challenges the resulting new judgment. *Magwood*, 561 U.S. at 341. Citing *Magwood*, movant asserts two arguments as to why his second motion to vacate his sentence was erroneously dismissed as an unauthorized second or successive § 2255 motion in 2005. First, movant asserts that the § 2255 motion he filed in 2005 did not constitute a second or successive § 2255 motion because he was granted partial relief on his first § 2255 motion when he was permitted to file a petition for a writ of certiorari in the United States Supreme Court. (D.I. 373 at 3) According to movant, his first § 2255 motion "should not count" for the purpose of determining whether the § 2255 motion filed in 2005 was second or successive because Judge Farnan's act of re-instating his right to file a writ of certiorari was analogous to re-instating his right to file a direct appeal. (D.I. 373 at 3)

17. Second, movant contends that, pursuant to *Magwood*, the § 2255 motion he filed in 2005 did not constitute a second or successive motion for § 2244 purposes because he was re-sentenced on May 27, 2004. He argues that the May 2004 re-sentencing constitutes "a judgment intervening between two habeas applications, and that his "application challenging the resulting new judgment is not second or successive." (D.I. 373 at 3)

18. To the extent the instant motion is filed pursuant to Federal Rule of Civil Procedure 60(b)(6), the court concludes that the motion does not constitute a second or successive § 2255 motion because the Rule 60(b)(6) motion attacks the manner in

which his § 2255 motion was dismissed in 2005. Therefore, the court will review the instant motion as a true Rule 60(b) motion.

19. Nevertheless, after reviewing the record and considering movant's claims pursuant to Rule 60(b)(6), the court finds that the motion is untimely. Even if the court construes the instant motion as contending that *Magwood* constitutes an intervening change in the law that amounts to an extraordinary circumstance justifying relief under Rule 60(b)(6), the argument is unavailing. Movant filed his Rule 60(b)(6) motion a little more than nine years after the dismissal of his second § 2255 motion, and four years after the Supreme Court issued its *Magwood* decision in June 2010. Notably, movant did not appeal the 2005 dismissal of his second § 2255 motion, nor did he seek permission from the Third Circuit to file a second or successive § 2255 motion despite the fact that he was provided an application to do so when his second § 2255 motion was dismissed. Movant also does not offer any reason for his four year delay in raising the instant *Magwood* argument, although the record in this case reveals that he was still attempting to find avenues for relief from his conviction and sentence. For instance, in 2011, movant filed a Rule 60(d) motion premised on *Begay*, in which movant contended that his sentence should be reduced because he could not be considered a career offender under U.S.S.G. § 4B1.1. Also in 2011, movant filed in the Third Circuit a motion requesting authorization to file a second or successive § 2255 motion which asserted the same *Begay* argument contained in his Rule 60(d) motion. Neither of these filings, however, raised the instant *Magwood* argument, even though *Magwood* had been decided for almost an entire year prior to those two filings.

7

20. Thus, after considering (1) the facts of this case, (2) movant's failure to provide any compelling justification for his nine year delay in challenging the basis of the dismissal of his § 2255 motion in 2005 as second or successive, (3) movant's failure to provide any reason for his four year delay in seeking relief from the 2005 dismissal of his second § 2255 motion pursuant to rule articulated in *Magwood*, (4) the interest in finality, and (5) movant's apparent ability to discover the basis for this motion at a much earlier point in time, the court concludes that the instant Rule 60(b)(6) motion was filed well outside the parameters of the "reasonable time" requirement of Rule 60(b)(6). *See Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1348 (3d Cir. 1987)(finding Rule 60(b)(6) motion brought almost two years after the district court's original judgment to be untimely); *Cox v. Horn*, 757 F.3d 113, 115-16 (3d Cir. 2014)(noting that "one of the critical factors in the equitable and dependent nature of the 60(b)(6) analysis [] is whether the 60(b)(6) motion under review was brought within a reasonable time of the [] decision" creating the intervening change in law).

21. Accordingly, the court will deny movant's instant request for relief under Rule 60(b)(6) as untimely.

22. Nevertheless, even if movant had filed the instant Rule 60(b)(6) motion in a timely manner, his arguments do not warrant reopening the § 2255 motion that was dismissed in 2005. With respect to movant's first contention, Judge Farnan already considered, and rejected, movant's assertion that granting him permission to seek certiorari review meant that that § 2255 motion he filed in 2005 did not constitute a second or successive § 2255 motion. The first § 2255 motion did not merely request

8

the re-instatement of movant's right to file a petition for writ of certiorari. (D.I. 299 at 5-6) Rather, the first § 2255 motion raised a total of five claims, four of which were denied on their merits. *Id.* Since the claim raised in movant's second § 2255 motion in 2005 raised one of the same arguments that had been denied as meritless in 2003, Judge Farnan concluded that the § 2255 motion filed in 2005 constituted an unauthorized second or successive § 2255 motion. *Id.* Given these circumstances, the court alternatively concludes that claim one in the instant Rule 60(b)(6) impermissibly attempts to re-argue an issue previously decided.

23. As for movant's second contention that his "re-sentencing" in May 2004 constitutes an intervening judgment, the court notes that movant's characterization of the situation is incorrect. Notably, movant was not re-sentenced in May 2004. Instead, in January 2004, the Third Circuit re-issued its 2001 mandate, and sent a certified copy of that re-issued mandate to the court in May 2004. The re-issuance of the mandate in 2004 did not amend movant's amended judgment of conviction dated June 19, 2001. (D.I. 178) Rather, the re-issued mandate (which movant calls the "intervening" judgment) noted on the docket entry for May 13, 2004 is identical in all respects to the amended judgment of conviction that was entered on June 19, 2001, except for the date of entry. (D.I. 178)

24. Courts are divided as to whether an amendment to the judgment of the type in this case permits a movant to file a second § 2255 motion without seeking authorization. *See, e.g., Pena v. United States*, 2014 WL 4693723, at *2 n. 2 (S.D.N.Y. Sept. 22, 2014)(collecting cases); *In re Lampton*, 667 F.3d 585 (5th Cir. 2012).

However, movant is still serving the same amended sentence that was imposed in June 2001 for the same convictions challenged in movant's first and second § 2255 motions. When that fact is considered in conjunction with the fact that the 2001 amended judgment of conviction was not vacated and no actual resentencing hearing occurred in 2004 as a result of the reissuance of the Third Circuit's 2001 mandate, the court is not convinced that the mandate re-issued by the Third Circuit in 2004 constitutes the type of "intervening judgment" triggering the *Magwood* rule. *See c.f. In re Brown*, 594 F. App'x 726, 729 (3d Cir. 2014)(finding that since, on remand, the trial court appointed counsel, conducted a resentencing hearing, and considered petitioner's argument, the resentencing that occurred was more than a mechanical correction of the docket and constituted an "intervening judgment" under *Magwood*). Therefore, the court alternatively concludes that movant's second argument does not establish the type of extraordinary circumstance justifying relief under Rule 60(b)(6).

25. In turn, to the extent the motion is filed pursuant to Federal Rule of Civil Procedure 60(d)(1), the motion still does not warrant relief. Courts have consistently held that "Rule 60(d) may not be used as a substitute for appeal," *Sharpe v. United States*, 2010 WL 2572636, at *2 (E.D.Pa. June 22, 2010), and it is available "only to prevent a grave miscarriage of justice." *United States v. Beggerly*, 524 U.S. 38, 47 (1998). Moreover, although several courts of appeal have acknowledged that an independent action under Rule 60(d)(1) may be an appropriate vehicle for reviewing a time-barred Rule 60(b) motion, an independent action is available only to prevent a

grave miscarriage of justice, which, in the habeas context, requires a strong showing of actual innocence. See Mitchell v. Rees, 651 F.3d 593, 597 (6th Cir. 2011).

26. To reiterate, in this case, movant did not appeal the 2005 dismissal of his second § 2255 motion. Movant also never filed an application for permission to file a second or successive § 2255 motion, even though the application was sent to him along with the order dismissing his 2005 motion. Finally, the premise for the sole claim raised in the § 2255 motion movant seeks to reopen is factually baseless. In his 2005 motion, movant contended that counsel was ineffective for failing to recognize that the Apprendi rule applies to the Federal Sentencing Guidelines. (D.I. 289 at 7) However, defense counsel actually raised this argument in movant's direct appeal in 2001, and the Third Circuit rejected the argument except to with respect to Apprendi concerns related to the supervised release terms. (D.I. 172 at 8-11; D.I. 377-2 at 7-8; D.I. 377-3 at 9-12) Specifically, the Third Circuit concluded that the supervised release terms exceeded the statutory maximum of three years, which resulted in the amended judgment of conviction entered on June 29, 2001. (D.I. 172 at 10-11; D.I. 377-3 at 11-12) Therefore, to the extent the instant motion for reconsideration is filed pursuant to Federal Rule of Civil Procedure 60(d)(1), it is denied.

27. Movant's motion for an order to show cause (D.I. 374) is denied as moot, because it merely requests the court to grant his Rule 60(b)(6) motion.

28. Finally, having decided to deny movant's Rule 60(b),(d) motion, movant's petition for writ of mandamus (D.I. 379) is denied as moot.

29. To the extent one may be necessary, the court declines to issue a certificate of appealability because movant has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. L.A.R. 22.2 (2011).

30. **Conclusion.** For the above reasons, the court will deny movant's Rule 60(b)(6) and (d)(1) motion, as well as his motion for an order to show cause. A separate order shall issue. *See* Fed. R. Civ. P. 58(a)("every judgment must be set out in a separate document").

Dated: September 14, 2015

_____
UNITED STATES DISTRICT JUDGE