IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Crim. No. 99-033-SLR |
| ) | |
| JOSEPH SCOTT, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM**

At Wilmington this 9th day of November, 2015, having considered defendant's motion for reconsideration and the papers submitted in connection therewith; the court will deny the motion (D.I. 382), based on the following reasoning:

1. A motion for reconsideration is the "functional equivalent" of a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). *See Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1352 (3d Cir. 1990) (citing *Fed. Kemper Ins. Co. v. Rauscher*, 807 F.2d 345, 348 (3d Cir. 1986)). The standard for obtaining relief under Rule 59(e) is difficult to meet. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A court should exercise its discretion to alter or amend its judgment only if the movant demonstrates one of the following: (1) a change in the controlling law; (2) a need to correct a clear error of law or fact or to prevent manifest injustice; or (3) availability of new evidence not available when the judgment was granted. *See id.* A motion for reconsideration is not properly grounded on a request that a court rethink a decision

already made and may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990); *see also Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993).

2. Defendant contends that the court "overlooked factual and legal issues" in the memorandum and order dated September 14, 2015. (D.I. 382 at 1) Specifically, defendant avers that the court applied the wrong standard of review and misstated the factual background. Considering these arguments against the record, the court finds defendant has not demonstrated any of the aforementioned grounds to warrant a reconsideration of the court's September 14, 2015 memorandum and order.

*[signature]*
United States District Judge