IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSEPH SCOTT, ) | |
| ) | |
|     Movant/Defendant, ) | |
| ) | |
|     v. ) | Civil Action No. 16-516 (MN) |
| ) | Criminal Action No. 99-33 (MN) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
|     Respondents. ) | |

**MEMORANDUM OPINION**[1]


Joseph Scott. *Pro se* Movant.

Alexander Ibrahim. Assistant United States Attorney, United States Department of Justice, Wilmington, Delaware. Attorney for Respondent.

April 23, 2019
Wilmington, Delaware

---

[1] This case was reassigned to the undersigned's docket on October 3, 2018.

*Maryellen Noreika* (signature)

**NOREIKA**, United States District Judge

I. **INTRODUCTION**

Movant Joseph Scott ("Movant") filed an authorized second or successive Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. (D.I. 455). The Government filed a Response in opposition. (D.I. 463). For the reasons discussed, the Court will deny Movant's § 2255 Motion without holding an evidentiary hearing.

II. **BACKGROUND**

A. **Movant's Conviction and Sentencing**

In May 1999, Movant and four others were charged in a multiple count indictment. (D.I. 2) Count One charged Movant and his co-defendants with conspiracy to distribute cocaine and crack cocaine from mid-November 1998 to May 11, 1999, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) and § 846. Count Four charged Movant by himself with distribution of crack cocaine on April 21, 1999, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). (D.I. 2). Two of the defendants entered guilty pleas and testified at trial as government witnesses. (D.I. 206 at 2). Movant and the remaining co-defendants were tried before a federal jury in September and October 1999. Movant was convicted of the charges set forth in Counts One and Four, and the remaining co-defendants were convicted of at least one count each. (D.I. 206 at 2). Movant's conviction under Count One carried a mandatory minimum of ten years' imprisonment and a statutory maximum of life,[2] and his conviction under Count Four carried a mandatory minimum of five years and a statutory maximum of forty years. *See* 21 U.S.C. § 841(b)(1)(B); (D.I. 463 at 4).

The United States Probation Office prepared a final Presentence Investigation Report ("PSR") prior to sentencing, which calculated Movant's base offense level at 40 based on the

---

[2] *See* 21 U.S.C. § 841(b)(1)(A).

quantity and type of drugs attributable to him along with applicable enhancements. (D.I. 463-1 ¶ 46). Movant was characterized as a career offender based on two prior convictions, one for second degree assault and another for possession with intent to distribute cocaine. (D.I. 463-1 ¶ 47). The drug guideline was used to calculate Movant's total offense level, however, because his offense level under the drug guideline (40) was higher than his base offense level under the career offender guideline (37), and the enhanced career offender criminal history category VI was used in place of what otherwise would have been a criminal history category IV. (D.I. 463-1 ¶¶ 47, 72, 73). Finally, the PSR calculated Movant's Sentencing Guidelines Range from 360 months to life imprisonment. (D.I. 463-1 ¶ 90).

Movant made a number of objections in advance of sentencing, including the argument that he should not be held accountable for drug weights for the acquitted offenses and the argument that he was not a career offender. (D.I. 463-1 at Def. Objs.). The now-retired Honorable Roderick R. McKelvie adopted the PSR's factual findings, the Sentencing Guidelines calculation, and the position of the United States Probation Office and the Government as to each of Movant's objections to the PSR. (D.I. 463-2 at 13-14). In January 2000, Judge McKelvie sentenced Movant to 360 months' imprisonment, which represented the bottom of the then-mandatory Guidelines range. (D.I. 133; 463-2 at 17).

### B. Movant's Appeal

Movant appealed his sentence, alleging, *inter alia*, that the drug weights attributed to him had not been proven to the jury. *See* Brief for Appellant Scott, *United States v. Scott*, 2000 WL 34215820 at pp. 5-6 (3d Cir. 2003) (00-5180). While Movant's appeal was pending, the United States Supreme Court decided *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Movant raised *Apprendi* issues in his appeal, and the Third Circuit affirmed Movant's conviction and sentence of

360 months. (D.I. 256 at 3); *see also United States v. Scott*, 259 F.3d 717 (3d Cir. May 7, 2001) (Table). The Third Circuit explained that the statutory maximum of Movant's offense in violation of 21 U.S.C. § 841(b)(1)(A) (Count One) could no longer be life post-*Apprendi*, and instead had to be 20 years, which is the statutory maximum for a cocaine offense under § 841 when no drug weight is proven to the jury. (D.I. 256 at 9); *see* 21 U.S.C. § 841(b)(1)(C). Nevertheless, the Third Circuit held that Movant's 30 year sentence was constitutional, because 30 years was within the combined statutory maximum of 40 years for the two drug convictions (each conviction carried a 20 year statutory maximum under § 841 because no drug quantity was pled). (D.I. 256 at 9 & n.4). The Court of Appeals did, however, reverse the 5-year term of supervised release imposed against Movant, because the statutory maximum term of supervised release for a conviction under 21 U.S.C. § 841(b)(1)(C) is only 3 years. (D.I. 256 at 10; 172) Thereafter, Movant was resentenced in June 2001 to a 3-year term of supervised release. (D.I. 178, 428).

### C. Movant's Post-Conviction Motions

In May 2002, Movant filed a § 2255 Motion challenging his sentence based on ineffective assistance of counsel. (D.I. 192). The now-retired Honorable Joseph J. Farnan denied the § 2255 Motion, except to allow Movant to file a petition for a writ of certiorari of his appeal to the Supreme Court; the petition for a writ of certiorari was subsequently denied. (D.I. 206; D.I. 249). Thereafter, Movant filed a number of additional collateral attacks on his sentence, invoking 28 U.S.C. § 2255 and/or Federal Rule of Civil Procedure 60(b) and (d), each of which were denied. (D.I. 289; 367; 373; 382; 392).

On April 20, 2016, Movant filed a *pro s*e application for leave to file a second or successive § 2255 motion (No. 16-1947) in the Third Circuit Court of Appeals. (D.I. 400 at 2 ¶4). That application contained the instant § 2255 Motion. On June 27, 2016, given the uncertainty of the

interplay between the one year statute of limitations for 2255 motions and movants seeking relief under *Johnson v. United States*, ___ U.S. ___, 135 S.Ct. 2551 (2015), the Federal Public Defender's Office for the District of Delaware filed a protective § 2255 Motion in this Court, acknowledging that Movant had already filed in the Third Circuit an application for leave to file a second or successive § 2255 motion. (D.I. 400). The protective § 2255 Motion alleges that Movant is entitled to resentencing because he is no longer considered a career offender after the Supreme Court's ruling in *Johnson.* (D.I. 400; D.I. 435). The Court of Appeals granted Movant permission to file the second or successive § 2255 Motion in October 2017. (D.I. 419).

Around the same time that Movant filed his successive § 2255 Motion, Movant filed a motion under 18 U.S.C. § 3582(c)(2) ("§ 3582 Motion") to be resentenced based on a retroactive amendment to the drug guideline, Amendment 782.[3] (D.I. 404). The § 3582 Motion contained an additional challenge to the weight of crack attributed to him in his PSR at his January 2000 sentencing. (D.I. 404 at 3).

The Government originally opposed Movant's § 3582 Motion, arguing that Amendment 782 would not lower Movant's guideline because of his status as a career offender. (D.I. 409). According to the Government, even if the drug guidelines were no longer used to calculate his Sentencing Guidelines, the career offender calculation with a prior conviction under 21 U.S.C. § 841(b)(1)(A) would be a 37 (which was the career offender guideline at Movant's sentencing). (D.I. 409; 451-1 ¶ 47). The now-retired Honorable Sue L. Robinson denied Movant's

---

[3] In 2014, the United States Sentencing Commission revised the guidelines applicable to drug trafficking offenses by changing base offense levels. That amendment is known as "Amendment 782." *See* U.S. Sentencing Commission, Amendment to the Sentencing Guidelines, available at https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/20140718_RF_Amendment782.pdf (last accessed on March 28, 2019).

§ 3582 Motion, and Movant appealed that decision. (D.I. 407; 414). On appeal, and after reviewing Movant's *Apprendi* argument in his original appeal, the Government conceded that Movant's new career offender base offense level is now a 34 instead of a 37. (D.I. 463 at 8). Because his offense level under the drug guideline is a 36 after Amendment 782, Movant was entitled to relief. *Id*. The Third Circuit vacated the original Order denying Movant's § 3582 Motion and remanded the matter to this Court. (D.I. 442).

In August 2018, Movant filed a Motion to Correct the drug weight in the PSR pursuant to Federal Rule of Criminal Procedure 36. (D.I. 441). On February 19, 2019, the Court ordered (D.I. 454) the Government to respond to Movant's pending authorized second or successive § 2255 Motion (D.I. 400; 435; 455), the § 3582 Motion (D.I. 404), and the Rule 36 Motion to Correct the PSR (D.I. 441). The Court granted Movant's § 3582 Motion on March 29, 2019, and reduced his sentence to 324 months, without ruling on Movant's challenge to the weight of crack attributed to him at this original sentencing through the PSR. (D.I. 462). Movant's authorized second or successive § 2255 Motion and his Rule 36 Motion to Correct the PSR remain pending before the Court.

## III. APPLICABLE LEGAL PRINCIPLES

A prisoner in federal custody may attack the validity of his conviction or sentence pursuant to 28 U.S.C. § 2255 "upon the ground that [it] was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Consequently, a prisoner may only seek relief under § 2255 if he alleges a jurisdictional defect, a constitutional violation, or an error that resulted in a "complete miscarriage of justice" or

was "inconsistent with the rudimentary demands of fair procedure." *United States v. Timmreck*, 441 U.S. 780, 784 (1979).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year period of limitation on the filing of a § 2255 motion. *See* 28 U.S.C. § 2255. The one-year limitations period begins to run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The one-year limitations period is subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645-46 (2010) (equitable tolling applies in § 2254 proceedings); *Miller v. New Jersey State Dep't of Corr.*, 145 F.3d 616, 619 n.1 (3d Cir. 1998) (holding that the one-year limitations period set forth in § 2255 is not a jurisdictional bar and is thus subject to equitable tolling). Notably, even when a court of appeals authorizes the filing of a second or successive § 2255 motion, the District Court must still determine if the motion satisfies the requirements of § 2255(f). *See In re Hoffner*, 870 F.3d 301, 309 (3d Cir. 2017) ("It is for the district court to evaluate the merits of the second or successive habeas petition . . . includ[ing] whether the invoked new rule should ultimately be extended in the way that the movant proposes" and whether the movant has "show[n] that the claim satisfies the requirements of [§ 2244]."); *see also United States*

*v. Waters*, 2018 WL 287933, at *1 (W.D. Pa. Jan. 4, 2018) (dismissing as untimely an authorized second or successive § 2255 motion raising a *Johnson* claim).

IV. **DISCUSSION**

The sole claim in the instant § 2255 Motion asserts that Movant's 1997 Delaware state conviction for second degree assault does not constitute a "crime of violence" after *Johnson* and, therefore, cannot be used as a predicate offense qualifying him for the career offender enhancement under U.S.S.G. § 4B1.1. (D.I. 435 at 1; 455 at 8). Movant's conviction became final more than a decade ago, and nothing in the record indicates that the starting date of the limitations period should be determined under §§ 2255(f)(2) or (4). Movant asserts, however, that he is entitled to a later starting date for the limitations period under § 2255(f)(3), because he filed the Motion within one year of the Supreme Court's June 26, 2015 *Johnson* decision.[4] As discussed below, the Court rejects Movant's argument.

In *Johnson*, the Supreme Court held that the residual clause definition of a "violent felony" of the Armed Career Criminal Act ("ACCA") was unconstitutionally void for vagueness. *See Johnson*, 135 S.Ct. 2551 at 2556-60. The Supreme Court made *Johnson* retroactively applicable on collateral review. *See Welch v. United States*, ___ U.S. ___, 136 S.Ct. 1257, 1264 (2016). In *Beckles v. United States*, however, the Supreme Court opined that *Johnson*'s holding regarding the residual clause in the ACCA only created a right as to the ACCA. *See United States v. Green*, 898 F.3d 315, 321 (3d Cir. 2018). More specifically, the *Beckles* Court held that the

---

[4] The application for leave to file a second or successive motion (No. 16-1947) that Movant filed in the Third Circuit Court of Appeals on April 20, 2016 contained the instant § 2255 Motion. (D.I. 400 at 2 ¶4). The Federal Public Defender's Office for the District of Delaware also filed a protective § 2255 Motion in this Court on June 27, 2016. (D.I. 400). The Third Circuit granted Movant permission to file the second or successive § 2255 Motion. (D.I. 419). Given these circumstances, the Court views the § 2255 Motion as having been filed on April 20, 2016.

7

advisory sentencing guidelines cannot be challenged as constitutionally vague under *Johnson*, and declined to address whether sentences imposed under the prior mandatory sentencing guidelines may be challenged as constitutionally vague under *Johnson*. *See Beckles v. United States*, ___ U.S. ___, 137 S.Ct. 886, 889-92 (2017).

In short, whether or not *Johnson* recognized a right to bring a vagueness challenge to the mandatory sentencing guidelines remains an open question. *See Beckles*, 137 S.Ct. at 903, n.4 (Sotomayor, J., concurring). As explained by the Third Circuit in *Green*, "[s]ince the Supreme Court has not determined whether the mandatory Sentencing Guidelines are even subject to vagueness challenges in the first instance, it certainly has not "recognized" the right to bring a successful vagueness challenge to the mandatory Guidelines' residual clause." *Green*, 898 F.3d at 321. Consequently, the Third Circuit and the majority of the circuit courts of appeal to consider the issue[5] have held that a *Johnson*-based vagueness challenge to the previous mandatory Guideline's residual clause does not restart the statute of limitations period under § 2255(f)(3) for a successive § 2255 motion. *See Green*, 898 F.3d at 321-22 (collecting cases).

Here, Movant's *Johnson* Claim challenges the residual clause of the mandatory sentencing guidelines on vagueness grounds; it does not challenge the residual clause in the ACCA. Because

---

[5] *See United States v. Greer*, 881 F.3d 1241, 1247 (10th Cir. 2018) ("The right that Mr. Greer 'asserts' is a right not to be sentenced under the residual clause of § 4B1.2(a)(2) of the mandatory Guidelines. The Supreme Court has recognized no such right. And nothing in *Johnson* speaks to the issue."); *United States v. Brown*, 868 F.3d at 299 n.1 (4th Cir. 2017) ("If a question is expressly left open, then the right, *by definition*, has not been recognized."); *Raybon v. United States*, 867 F.3d 625, 630 (6th Cir. 2017) (holding that "[b]ecause it is an open question, it is *not* a 'right' that 'has been newly recognized by the Supreme Court' let alone one that was 'made retroactively applicable to cases on collateral review'" under 28 U.S.C. § 2255(f)(3). ); *Russo v. United States*, 902 F.3d 880, 883 (8th Cir. 2018) ("*Johnson* did not address the sentencing guidelines, and *Beckles* rejected a vagueness challenge to the advisory guidelines."); *but see Cross v. United States*, 892 F.3d 288, 293-94 (7th Cir. 2018) (allowing a habeas petitioner to challenge residual clause of the previous mandatory version of the Guidelines in a successive § 2255 motion).

"no Supreme Court case has recognized the right that [Movant] asserts, he cannot rely on 28 U.S.C. § 2255(f)(3) to restart his applicable statute of limitations period." *Green*, 898 F.3d at 321. Therefore, the Court will dismiss the instant Motion as time-barred.

## V. **PENDING MOTIONS**

During the pendency of this proceeding, Movant filed a Motion to Correct the PSR Pursuant to Federal Rule of Criminal Procedure 36. (D.I. 441). He seeks to correct what he calls a "clerical error" as to drug identity, and asks the Court to change the identity of the drugs described in paragraphs 13, 32, and 39 from crack to cocaine. Movant contends that this "clerical error" "could potentially impact his ability for relief pursuant to 18 U.S.C. § 3582(c)(2) reduction of sentence" and affect his assignment to appropriate facilities. (D.I. 441 at 6).

Pursuant to Federal Rule of Criminal Procedure 36, a court may "at any time correct a clerical error in judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. "A clerical error involves a failure to accurately record a statement or action by the court or one of the parties." *United States v. Bennett*, 423 F.3d 271, 277-78 (3d Cir. 2005). Rule 36, however, may not be used to challenge the substance of the information in a PSR. *See United States v. Bullock*, 618 F. App'x 730, 732-33 (3d Cir. 2015); *United States v. Wilkes*, 376 F. App'x 295, 296 (4th Cir. 2010). Instead, a challenge to the content of a PSR should be filed with the trial court within 14 days of the parties' receipt of the document. *See* Fed. R. Crim. P. 32(f).

In this case, Movant was indicted for the crack cocaine at issue in Count Three of the Indictment. Although he was acquitted of that charge, the Probation Office determined that the crack at issue (346 grams found in the house of the Joann Means on March 10, 1999) should be attributed to Movant because it was still part of Movant's overall conspiracy. (D.I. 463 at 15). In

9

one of his objections to the PSR, Movant argued that he should not be held accountable for the drug quantity because he was acquitted of Count Three; notably, Movant did not object that the drug was classified as crack and not cocaine. (D.I. 463-1).

Based on the foregoing, the Court concludes that Movant's Rule 36 Motion is unavailing. A "clerical error must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature." *Bullock*, 618 F. App'x at 732-33. By objecting to the identity of the drug mentioned in the PSR, and asking that the PSR be changed to reflect his contention that he conspired to distribute cocaine hydrochloride instead of crack, Movant is not merely seeking to correct an error of omission or oversight "mechanical in nature." Rather, he is seeking a substantive change to the PSR and his sentence on the ground that the drug identity was unsupported. Because there are no "clerical errors" to correct, the Court will deny the Rule 36 Motion.

Also pending before the Court are Movant's Motion for Immediate Release (D.I. 458) and his Emergency Motion to Expedite Decision (D.I. 459). Having decided to deny the instant § 2255 Motion, the Court will dismiss these two Motions as moot.

## VI.   **EVIDENTIARY HEARING**

A district court is not required to hold an evidentiary hearing on a motion filed pursuant to 28 U.S.C. § 2255 if the "motion and the files and records of the case conclusively show" that the movant is not entitled to relief. 28 U.S.C. § 2255; *see also United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005); *United States v. McCoy*, 410 F.3d 124, 131 (3d Cir. 2005); Rule 8(a), 28 U.S.C. foll. § 2255. As previously discussed, the record conclusively demonstrates that Movant is not entitled to relief under § 2255. Therefore, the Court concludes that an evidentiary hearing is not warranted.

## VII. **CERTIFICATE OF APPEALABILITY**

A district court issuing a final order denying a § 2255 motion must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate only if the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The movant must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

The Court is denying Movant's authorized second or successive § 2255 Motion as time-barred, and is persuaded that reasonable jurists would not find this assessment debatable. Therefore, the Court will not issue a certificate of appealability.

## VIII. **CONCLUSION**

The Court concludes that Movant is not entitled to relief pursuant to 28 U.S.C. § 2255. An appropriate Order will issue.