IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 16-516 (MN) |
| | ) | Criminal Action No. 99-33 (MN) |
| JOSEPH SCOTT, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION**

Joseph Scott. *Pro se* Defendant.

Alexander Ibrahim. Assistant United States Attorney, United States Department of Justice, Wilmington, Delaware. Attorney for Plaintiff.

November 6, 2019
Wilmington, Delaware

NOREIKA, U.S. District Judge

I. **INTRODUCTION**

Presently pending before the Court is Defendant Joseph Scott's ("Defendant") Rule 35 Motion to Correct Illegal Sentence.[1] (D.I. 466). By his Motion, Defendant contends that his sentence is illegal because his newly reduced 324-month sentence exceeds the statutory maximum twenty-year (240-months) sentence applicable to each count of conviction. For the following reasons, the Court will deny Defendant's Rule 35 Motion.

I. **BACKGROUND**

A. **Defendant's Conviction and Sentencing**

In May 1999, Defendant and four others were charged in a multiple count indictment. (D.I. 2). Count One charged Defendant and his co-defendants with conspiracy to distribute cocaine and crack cocaine from mid-November 1998 to May 11, 1999, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) and § 846. Count Four charged Defendant by himself with distribution of crack cocaine on April 21, 1999, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). (D.I. 2). Two of the defendants entered guilty pleas and testified at trial as government witnesses. (D.I. 206 at 2). Defendant and the remaining co-defendants were tried before a federal jury in September and October 1999. Defendant was convicted of the charges set forth in Counts One and Four, and the remaining co-defendants were convicted of at least one count each. (D.I. 206 at 2). Defendant's conviction under Count One carried a mandatory minimum of ten years' imprisonment and a statutory maximum of life,[2] and his conviction under Count Four carried a

---

[1] Although Defendant has asserted the instant Motion pursuant to Rule 35(c), subsection c merely defines the term "sentencing." Consequently, the Court presumes that the Motion is asserted under Rule 35(a).

[2] *See* 21 U.S.C. § 841(b)(1)(A).

mandatory minimum of five years and a statutory maximum of forty years. *See* 21 U.S.C. § 841(b)(1)(B); (D.I. 463 at 4).

The United States Probation Office prepared a final Presentence Investigation Report ("PSR") prior to sentencing, which calculated Defendant's base offense level at 40 based on the quantity and type of drugs attributable to him along with applicable enhancements. (D.I. 463-1 ¶ 46). Defendant was characterized as a career offender based on two prior convictions, one for second degree assault and another for possession with intent to distribute cocaine. (D.I. 463-1 ¶ 47). The drug guideline was used to calculate Defendant's total offense level, however, because his offense level under the drug guideline (40) was higher than his base offense level under the career offender guideline (37), and the enhanced career offender criminal history category VI was used in place of what otherwise would have been a criminal history category IV. (D.I. 463-1 ¶¶ 47, 72, 73). Finally, the PSR calculated Defendant's Sentencing Guidelines Range from 360 months to life imprisonment. (D.I. 463-1 ¶ 90).

Defendant made a number of objections in advance of sentencing, including the argument that he should not be held accountable for drug weights for the acquitted offenses and the argument that he was not a career offender. (D.I. 463-1 at Def. Objs.). The now-retired Honorable Roderick R. McKelvie adopted the PSR's factual findings, the Sentencing Guidelines calculation, and the position of the United States Probation Office and the Government as to each of Defendant's objections to the PSR. (D.I. 463-2 at 13-14). In January 2000, Judge McKelvie sentenced Defendant to 360 months' imprisonment, which represented the bottom of the then-mandatory Guidelines range. (D.I. 133; D.I. 463-2 at 17).

### B.     Defendant's Appeal

Defendant appealed his sentence, alleging, *inter alia*, that the drug weights attributed to him had not been proven to the jury. *See* Brief for Appellant Scott, *United States v. Scott*, 2000 WL 34215820 at *5-6 (3d Cir. 2003) (00-5180). While Defendant's appeal was pending, the United States Supreme Court decided *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Defendant raised *Apprendi* issues in his appeal, and the Third Circuit affirmed Defendant's conviction and sentence of 360 months. (D.I. 256 at 3); *see also United States v. Scott*, 259 F.3d 717 (3d Cir. May 7, 2001) (Table). The Third Circuit explained that the statutory maximum of Defendant's offense in violation of 21 U.S.C. § 841(b)(1)(A) (Count One) could no longer be life post-*Apprendi*, and instead had to be 20 years, which is the statutory maximum for a cocaine offense under § 841 when no drug weight is proven to the jury. (D.I. 256 at 9); *see* 21 U.S.C. § 841(b)(1)(C). Nevertheless, the Third Circuit held that Defendant's 30 year sentence was constitutional, because 30 years was within the combined statutory maximum of 40 years for the two drug convictions (each conviction carried a 20 year statutory maximum under § 841 because no drug quantity was pled). (D.I. 256 at 9 & n.4). The Court of Appeals did, however, reverse the 5 year term of supervised release imposed against Defendant, because the statutory maximum term of supervised release for a conviction under 21 U.S.C. § 841(b)(1)(C) is only 3 years. (D.I. 256 at 10; D.I. 172). Thereafter, Defendant was resentenced in June 2001 to a 3 year term of supervised release, with all other aspects of his original sentence remaining unchanged. (D.I. 178; D.I. 428).

### C.     Defendant's Post-Conviction Motions

In May 2002, Defendant filed a § 2255 Motion challenging his sentence based on ineffective assistance of counsel. (D.I. 192). The now-retired Honorable Joseph J. Farnan denied the § 2255 Motion, except to allow Defendant to file a petition for a writ of certiorari of his appeal

to the Supreme Court; the petition for a writ of certiorari was subsequently denied. (D.I. 206; D.I. 249). Thereafter, Defendant filed a number of additional collateral attacks on his sentence, invoking 28 U.S.C. § 2255 and/or Federal Rule of Civil Procedure 60(b) and (d), each of which were denied. (D.I. 289; D.I. 367; D.I. 373; D.I. 382; D.I. 392).

On April 20, 2016, Defendant filed a *pro s*e application for leave to file a second or successive § 2255 motion (No. 16-1947) in the Third Circuit Court of Appeals. (D.I. 400 ¶4). On June 27, 2016, given the uncertainty of the interplay between the one year statute of limitations for § 2255 motions and Defendants seeking relief under *Johnson v. United States*, 135 S.Ct. 2551 (2015), the Federal Public Defender's Office for the District of Delaware filed a protective § 2255 Motion in this Court, acknowledging that Defendant had already filed in the Third Circuit a *pro se* application for leave to file a second or successive § 2255 motion. (D.I. 400). The protective § 2255 Motion alleged that Defendant was entitled to resentencing because he is no longer considered a career offender after the Supreme Court's ruling in *Johnson.* (D.I. 400; D.I. 435). The Court of Appeals granted Defendant permission to file the second or successive § 2255 Motion in October 2017. (D.I. 419).

Around the same time period that Defendant filed his successive § 2255 Motion, Defendant filed a motion under 18 U.S.C. § 3582(c)(2) ("§ 3582") to be resentenced based on a retroactive amendment to the drug guideline, Amendment 782.[3] (D.I. 404). The § 3582 motion also contained

---

[3] In 2014, the United States Sentencing Commission revised the guidelines applicable to drug trafficking offenses by changing base offense levels. That amendment is known as "Amendment 782." *See* U.S. Sentencing Commission, Amendment to the Sentencing Guidelines, available at https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/20140718_RF_Amendment782.pdf (last accessed on March 28, 2019).

5

an additional challenge to the weight of crack attributed to him in his PSR at his January 2000 sentencing. (D.I. 404 at 3).

The Government originally opposed Defendant's § 3582 motion, arguing that Amendment 782 would not lower Defendant's guideline because of his status as a career offender. (D.I. 409). According to the Government, even if the drug guidelines were no longer used to calculate his Sentencing Guidelines, the career offender calculation with a prior conviction under 21 U.S.C. § 841(b)(1)(A) would be a 37 (which was the career offender guideline at Defendant's sentencing). (D.I. 409). The now-retired Honorable Sue L. Robinson denied Defendant's § 3582 motion, and Defendant appealed that decision. (D.I. 407; D.I. 414). On appeal, and after reviewing Defendant's *Apprendi* argument in his original appeal, the Government conceded that Defendant's new career offender base offense level is now a 34 instead of a 37. (D.I. 463 at 8). Because his offense level under the drug guideline is a 36 after Amendment 782, Defendant was entitled to relief. *Id*. In September 2018, the Third Circuit vacated the original Order denying Defendant's § 3582 Motion and remanded the matter to this Court. (D.I. 442).

In August 2018, Defendant filed a Motion to Correct the drug weight in the PSR pursuant to Federal Rule of Criminal Procedure 36. (D.I. 441).

On February 15, 2019, the Court ordered (D.I. 454) the Government to respond to Defendant's authorized second or successive § 2255 Motion (D.I. 400; D.I. 435; D.I. 455), the § 3582 Motion (D.I. 404), and the Rule 36 Motion to Correct the PSR (D.I. 441).

On March 29, 2019, the Court granted Defendant's § 3582 Motion, and reduced his sentence to 324 months, without ruling on Defendant's challenge to the weight of crack attributed to him at this original sentencing through the PSR. (D.I. 462). Defendant appealed "the final

an additional challenge to the weight of crack attributed to him in his PSR at his January 2000 sentencing. (D.I. 404 at 3).

The Government originally opposed Defendant's § 3582 motion, arguing that Amendment 782 would not lower Defendant's guideline because of his status as a career offender. (D.I. 409). According to the Government, even if the drug guidelines were no longer used to calculate his Sentencing Guidelines, the career offender calculation with a prior conviction under 21 U.S.C. § 841(b)(1)(A) would be a 37 (which was the career offender guideline at Defendant's sentencing). (D.I. 409). The now-retired Honorable Sue L. Robinson denied Defendant's § 3582 motion, and Defendant appealed that decision. (D.I. 407; D.I. 414). On appeal, and after reviewing Defendant's *Apprendi* argument in his original appeal, the Government conceded that Defendant's new career offender base offense level is now a 34 instead of a 37. (D.I. 463 at 8). Because his offense level under the drug guideline is a 36 after Amendment 782, Defendant was entitled to relief. *Id*. In September 2018, the Third Circuit vacated the original Order denying Defendant's § 3582 Motion and remanded the matter to this Court. (D.I. 442).

In August 2018, Defendant filed a Motion to Correct the drug weight in the PSR pursuant to Federal Rule of Criminal Procedure 36. (D.I. 441).

On February 15, 2019, the Court ordered (D.I. 454) the Government to respond to Defendant's authorized second or successive § 2255 Motion (D.I. 400; D.I. 435; D.I. 455), the § 3582 Motion (D.I. 404), and the Rule 36 Motion to Correct the PSR (D.I. 441).

On March 29, 2019, the Court granted Defendant's § 3582 Motion, and reduced his sentence to 324 months, without ruling on Defendant's challenge to the weight of crack attributed to him at this original sentencing through the PSR. (D.I. 462). Defendant appealed "the final

an additional challenge to the weight of crack attributed to him in his PSR at his January 2000 sentencing. (D.I. 404 at 3).

The Government originally opposed Defendant's § 3582 motion, arguing that Amendment 782 would not lower Defendant's guideline because of his status as a career offender. (D.I. 409). According to the Government, even if the drug guidelines were no longer used to calculate his Sentencing Guidelines, the career offender calculation with a prior conviction under 21 U.S.C. § 841(b)(1)(A) would be a 37 (which was the career offender guideline at Defendant's sentencing). (D.I. 409). The now-retired Honorable Sue L. Robinson denied Defendant's § 3582 motion, and Defendant appealed that decision. (D.I. 407; D.I. 414). On appeal, and after reviewing Defendant's *Apprendi* argument in his original appeal, the Government conceded that Defendant's new career offender base offense level is now a 34 instead of a 37. (D.I. 463 at 8). Because his offense level under the drug guideline is a 36 after Amendment 782, Defendant was entitled to relief. *Id*. In September 2018, the Third Circuit vacated the original Order denying Defendant's § 3582 Motion and remanded the matter to this Court. (D.I. 442).

In August 2018, Defendant filed a Motion to Correct the drug weight in the PSR pursuant to Federal Rule of Criminal Procedure 36. (D.I. 441).

On February 15, 2019, the Court ordered (D.I. 454) the Government to respond to Defendant's authorized second or successive § 2255 Motion (D.I. 400; D.I. 435; D.I. 455), the § 3582 Motion (D.I. 404), and the Rule 36 Motion to Correct the PSR (D.I. 441).

On March 29, 2019, the Court granted Defendant's § 3582 Motion, and reduced his sentence to 324 months, without ruling on Defendant's challenge to the weight of crack attributed to him at this original sentencing through the PSR. (D.I. 462). Defendant appealed "the final

judgment entered in this action on March 29, 2019" (D.I. 465), and that appeal is presently pending before the Third Circuit.

On April 5, 2019, Defendant filed a Rule 35(a) Motion to Correct Illegal Sentence, arguing that the "concurrent 324 month sentences exceed the [20 year] statutory maximum" for 21 U.S.C. § 841(b)(1)(C). (D.I. 466).

On April 23, 2019, the Court denied Defendant's authorized second or successive § 2255 Motion as time-barred and also denied his Rule 36 Motion to Correct the PSR because the alleged error was not clerical in nature. (D.I. 469; D.I. 470).

On May 28, 2019, the Government filed a Response to the Rule 35(a) Motion, contending that the Court should deny the Motion because there is no illegal sentence to correct and because the Rule 35 Motion is untimely. (D.I. 476). Defendant filed a Reply, asserting the following three arguments: (1) his "general sentence of 324 months" for both Counts One and Four violates due process because it exceeds the statutory maximum 20 year sentence applicable to each individual count (D.I. 480 at 4, 6); (2) the Court should have sentenced him to "240 months on Count One and 100 months on Count Four to run concurrent" because the Court originally sentenced him to concurrent sentences (D.I. 480 at 4, 8); and (3) the Court erred in imposing the "324 month sentence based upon fundamentally inaccurate factual assumptions in dispute in the PSR regarding the substance as crack when it should be cocaine" (D.I. 480 at 4, 6-7).

## II. DISCUSSION

### A. Jurisdiction

Defendant's pending appeal of the Court's denial of his § 3582 Motion does not divest the Court of jurisdiction to consider the instant Rule 35(a) Motion. *See* Fed. R. App. P. 4(b)(5) ("The filing of a notice of appeal under this Rule 4(b) does not divest a district court of jurisdiction to

correct a sentence under Federal Rule of Criminal Procedure 35(a), nor does the filing of a motion under 35(a) affect the validity of a notice of appeal filed before entry of the order disposing of the motion."). Nevertheless, the Court lacks jurisdiction to consider Defendant's Rule 35(a) Motion for the reasons set forth below.

According to Federal Rule of Criminal Procedure 35(a), "within 14 days after sentencing, the court may correct a sentence that resulted in arithmetical, technical, or other clear error." Fed. R. Civ. P. 35(a). The fourteen-day period begins to run from the "oral announcement of the sentence." Fed. R. Crim. P. 35(c). The Third Circuit has held that the fourteen-day time-limit is jurisdictional,[4] and that the time-limit applies to the district court's action rather than to the party's motion. *United States v. Higgs*, 504 F.3d 456, 458 (3d Cir. 2007). Consequently, a district court lacks jurisdiction to amend a sentence after the fourteen-day period, regardless of when the defendant filed the motion. *Id*. The Third Circuit has provided the following explanation for this holding:

> We recognize that the consequences of following this rule seem to be harsh. After all, counsel filed the Rule 35(a) motion within seven days of the sentencing hearing, the time limit set forth in the Rule. However, the seven-day limit in the Rule does not apply to counsel's motion. It is expressly in terms of the District Court's action. A review of the Advisory Committee's notes shows that this was

---

[4] In concluding that Rule 35(a)'s time limitation is jurisdictional, the Third Circuit discussed two Supreme Court cases: *Eberhart v. United States*, 546 U.S. 12 (2005) and *Bowles v. Russell*, 551 U.S. 205 (2007). In *Eberhart*, the Supreme Court held that the time limitations in Rules 33(a) and 45(b)(3) are not jurisdictional but, rather, claims-processing rules meant to bring a definite end to judicial proceedings that can be forfeited in certain circumstances. *Eberhart*, 546 U.S. at 19. In *Bowles*, the Supreme Court clarified the distinction between claims-processing rules and jurisdictional rules, holding that a time limitation set forth in a statute is jurisdictional. *Bowles*, 551 U.S. at 210-12. After examining the reasoning set forth in *Eberhardt* and *Bowles*, the Third Circuit agreed with the Seventh Circuit's holding in *United States v. Smith*, 438 F.3d 796, 799 (7th Cir. 2006), *overruled on other grounds by United States v. Taylor*, 778 F.3d 667 (7th Cir. 2015) that the time requirement set forth in Rule 35(a) is jurisdictional because it derives from the limitation set forth by statute 18 U.S.C. § 3582(c). *See Higgs*, 504 F.3d at 464.

> deliberate. The Advisory Committee noted that the "stringent time requirement" of seven days was shorter than the time for appealing the sentence so that if the court did in fact correct the sentence within the seven days, the defendant could still timely appeal the sentence if s/he so desired. Fed. R. Crim. P. 35. The strict application of Rule 35 is reinforced by Rule 45, which provides that "[t]he court may not extend the time to take any action under Rule 35, except as stated in that rule. Fed. R. Crim. P. 45(b)(2). Indeed, the Sentencing Reform Act provides that "[t]he court may not modify a term of imprisonment once it is imposed except that . . . the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted . . . by Rule 35 of the Federal Rules of Criminal Procedure . . . ." 18 U.S.C. § 3582(c).

*Higgs*, 504 F.3d at 458-59; *see also United States v. James*, 639 F. App'x 834, 836 (3d Cir. 2016) (holding that the district court lacked jurisdiction when it ruled on James' motion because it denied the motion after the fourteen-day limit had expired); *United States v. Miller*, 594 F.3d 172, 182 (3d Cir. 2010) (explaining that it would not consider the district court's order granting defendant's Rule 35(a) motion because, even though the motion was filed within Rule 35(a)'s time-limit, the district court issued its ruling on the motion outside of the time-period required by Rule 35(a)).

In this case, there are two possible "sentencing" dates that could trigger the fourteen-day time period set forth in Rule 35(a): (1) June 20, 2001, the date on which Judge McKelvie orally announced Defendant's amended 360 month long sentence (D.I. 178); or (3) March 29, 2019, the date on which the Court granted Defendant's § 3582(c)(2) Motion via a written Order and reduced his sentence from 360 months to 324 months. (D.I. 462). The Court has not found any Supreme Court precedent or Third Circuit precedent directly addressing whether Rule 35(a)'s time limit applies to sentences reduced in a § 3582 proceeding via a written order. *But see United States v. Phillips*, 597 F.3d 1190, 1199 (11th Cir. 2010) (holding that Rule 35(a) applies to the more "truncated § 3582 sentencing proceeding" "if a district court grants a defendant's § 3582 motion, modifies the original sentence, and imposes a different term of imprisonment, [because] the district

9

court is again 'sentencing' the defendant."). Because more than fourteen days have passed from either of the relevant dates, however, the Court concludes that it lacks jurisdiction over the instant Motion regardless of whether Rule 35(a)'s time limit applies to Defendant's reduced sentence under § 3582. Accordingly, the Court will deny Defendant's Rule 35(a) Motion for lack of jurisdiction.

B. Relief under 28 U.S.C. § 2255

To the extent the Court should construe the instant Motion as a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, the Court lacks jurisdiction to grant such relief. Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, Defendant had to file his § 2255 motion within one-year of his conviction becoming final which, once again, occurred eighteen or so years ago. *See* 28 U.S.C. § 2255(f)(1). In addition, when, as here, a prisoner has already filed a § 2255 motion, subsequent § 2255 motions must be authorized by the Court of Appeals in advance of filing in the District Court. *See* 28 U.S.C. § 2255(h); *United States v. Chew*, 284 F.3d 468, 470-71 (3d Cir. 2002). Defendant has not complied with either requirement. He filed the instant Motion long after the expiration of AEDPA's one-year statute of limitations, and he did not seek approval from the Third Circuit before filing. Thus, the Court alternatively concludes that Defendant is not entitled to relief under § 2255.[5]

---

5 It appears as though Defendant may have filed a Rule 35(a) Motion instead of yet another § 2255 motion in an attempt to avoid the statute of limitations problem and second/successive restrictions. *See, e.g., United States v. Rinaldi*, 581 F.App'x 109, 111 (3d Cir. 2014) (explaining that Rinaldi had filed several § 2255 motions and could not evade the restrictions on filing second or successive § 2255 motions by invoking Rule 35(a)).

**III.     CONCLUSION**

For the reasons discussed, Defendant's Rule 35(a) Motion to Correct Sentence will be denied for lack of jurisdiction.  An appropriate Order will be entered.