IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No. 99-33 (MN) |
| ) | |
| JOSEPH SCOTT, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

At Wilmington this 24th day of June 2020:

**I.    INTRODUCTION**

Mr. Scott has filed a Motion to Proceed *Pro Se* (D.I. 494) and a *pro se* Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) (D.I. 491). For the reasons discussed below, the Court will grant the Motion to Proceed *Pro Se* but deny without prejudice to renew the Motion for Compassionate Release.

**II.   BACKGROUND**

Given the extensive history of this case, the Court will summarize only those facts necessary for understanding the instant Motions. In 1999, Mr. Scott was convicted in this Court of conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1), and possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1). Mr. Scott was sentenced to 360 months' imprisonment, which was at the bottom of the Sentencing Guidelines range. The sentencing range was based on Mr. Scott's offense level under United States Sentencing Guideline ("U.S.S.G.") § 2D1.1, which included a determination of the type and quantity of the trafficked drugs. Although Mr. Scott was also designated a career offender, his higher offense level under § 2D1.1 applied at sentencing.

*See* U.S.S.G. § 4B1.1(b).  In 2001, the Third Circuit affirmed Mr. Scott's sentence, but reduced the supervised release term from five to three years.  *See United States v. Scott*, 259 F.3d 717 (3d Cir. 2001).  Since then, Mr. Scott has filed numerous unsuccessful challenges to his criminal judgment and sentence.[1]  *See Scott v. Shartle*, 574 F. App'x 152, 153 (3d Cir. 2014).

### III. STANDARD OF REVIEW

"The First Step Act [of 2018 amended 18 U.S.C. § 3582(c)(1)(A)][2] empowers criminal defendants to request compassionate release for 'extraordinary and compelling' reasons."  *United States v. Raia*, 954 F.3d 594, 595 (3d Cir. 2020); *see also United States v. Handerhan*, 789 F.

---

[1] On March 29, 2019, the Court granted Mr. Scott's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782, and reduced his sentence to 324 months' imprisonment.  (D.I. 462).

[2] The relevant portion of § 3582 provides:

> (c) **Modification of an imposed term of imprisonment.** –The court may not modify a term of imprisonment once it has been imposed except that –
>
> (1) in any case–
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction.

App'x 924, 925 (3d Cir. 2019) ("Before the First Step Act, a District Court could grant relief under § 3582(c)(1)(A) only on motion of the Director of the Bureau of Prisons."). A defendant seeking compassionate release must first fully exhaust all administrative rights by "present[ing] his application to the [Bureau of Prisons] BOP and then either (1) administratively appeal[ing] an adverse result if the BOP does not agree that his sentence should be modified, or (2) wait[ing] for 30 days to pass." *United States v. Cruz*, ___ F.Supp.3d ___, 2020 WL 1904476, at *3 (M.D.Pa. Apr. 17, 2020). Once the defendant has exhausted all administrative remedies, a district court may reduce the term of imprisonment after considering the factors in 18 U.S.C. § 3553(a) if it finds, in relevant part, that extraordinary and compelling reasons warrant a reduction. *See* 18 U.S.C. § 3582(c)(1)(A)(i). There are four categories of extraordinary and compelling reasons: "(1) the defendant's medical condition; (2) the defendant's age; (3) the defendant's family circumstances; and (4) 'other reasons' as determined by the Director of the Bureau of Prisons." *United States v. Handerhan*, 789 F. App'x 924, 925 (3d Cir. 2019); *see also* U.S.S.G. § 1B1.13, cmt. n.1.

IV. **DISCUSSION**

    A. **Motion to Proceed** *Pro Se*

As set forth in the Court's Order dated May 1, 2020 (D.I. 495 ¶ 3(c)), given the dates of filing and Mr. Scott's failure to indicate if he has communicated with the FPD's office, the Court views Mr. Scott's Motion to Proceed *Pro Se* filed on April 24, 2020 (D.I. 494) as a request to proceed *pro se* with respect to the § 3582 Motion for Compassionate Release presently pending before the Court. Construed in this manner, the Court will grant Mr. Scott's Motion to Proceed *Pro Se* (D.I. 494).

    B. **Section 3582 Motion for Compassionate Release**

In the instant § 3582 Motion, Mr. Scott seeks compassionate release/reduction in sentence under the "compassionate release" provision of 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018. (D.I. 491 at 6). Mr. Scott contends that he is entitled to relief because his original sentence was determined on the "basis of materially untrue information relating to the amount of cocaine base attributed" to him, which increased his sentence by ten years. (D.I. 491 at 4). According to Mr. Scott, if he were sentenced today, he would "receive 210 months for distributing 42 grams of cocaine base instead of the untrue and false statement in the PSI, which attributed 388 grams of cocaine base" to him. *Id*. He argues that correcting the weight attributed to him and reducing his sentence to 210 months "would remedy the fundamental miscarriage of justice [he] is suffering." (D.I. 491 at 4, 6, 8-9).

In their Joint Response to the instant § 3582 Motion, the FPD and the Government explain that Mr. Scott submitted a request to the BOP on October 11, 2019 seeking compassionate release, which raised the same challenge regarding the drug weight and identity that is presented in the instant § 3582 Motion. (D.I. 492 at 2). The FPD and the Government assert that the BOP provided the following response to his request on January 8, 2020: (1) Mr. Scott's non-medical circumstances are not extraordinary or compelling; and (2) Mr. Scott can file a motion for resentencing or a sentencing modification in his court of jurisdiction, and he can appeal using the BOP's Administrative Remedy process. (D.I. 492 at 3). Neither the FPD nor the Government knows if Mr. Scott appealed the BOP's January 2020 decision, and Mr. Scott has not provided any information regarding an appeal. (D.I. 492 at 3).

It appears that Mr. Scott submitted a second request to the BOP in March 2020 seeking compassionate release. (D.I. 492 at 3). Neither the FPD nor the Government knows if Mr. Scott's second request raised new grounds requiring exhaustion, if he exhausted the administrative

remedies for the second request, or if the grounds raised in his second request demonstrate circumstances warranting relief under § 3582. *Id*. Once again, Mr. Scott has not provided any additional information regarding his second request for compassionate release.

In summary, Mr. Scott's current *pro se* § 3582 Motion for Compassionate Release does not assert grounds demonstrating his eligibility for compassionate release under § 3582; rather, he seeks a reduction in sentence due to an error in drug weight and identity that he asserts occurred during his original sentencing. The record also does not indicate if Mr. Scott has satisfied the exhaustion requirement. Given these circumstances, the Court concludes that Mr. Scott is not eligible for relief under § 3582 as currently argued. Given the uncertainty surrounding Mr. Scott's second request for compassionate release in March 2020, however, the Court's denial of the instant § 3582 Motion will be without prejudice.

### V.     **CONCLUSION**

For the aforementioned reasons, the Court will grant Mr. Scott's Motion to Proceed *Pro Se* and deny without prejudice to renew his § 3582 Motion for Compassionate Release. A separate Order will be entered.

*Maryellen Noreika*
The Honorable Maryellen Noreika
United States District Judge