IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Criminal Action No. 99-33 (MN) |
| JOSEPH SCOTT, | ) ) ) |
| Defendant. | ) |

**<u>MEMORANDUM OPINION</u>**

Joseph Scott.  *Pro se* Defendant.

Alexander Ibrahim.  Assistant United States Attorney, United States Department of Justice, Wilmington, Delaware.  Attorney for Plaintiff.

January 27, 2021
Wilmington, Delaware

*[signature: Maryellen Noreika]*
**NOREIKA, U.S. District Judge**

# I. INTRODUCTION

Presently pending before the Court are Defendant Joseph Scott's ("Defendant") four Motions to Reduce Sentence Pursuant to Section 404 of the First Step Act ("First Step Motions"). (D.I. 461; D.I. 483; D.I. 484; D.I. 489). By his First Step Motions, Defendant contends that he is entitled to a lower sentence than the one imposed when he was resentenced for his crack cocaine convictions. For the following reasons, the Court concludes that Defendant is eligible for relief under the First Step Act, but requires further information before ruling on Defendant's Motions. Therefore, the Court will order the Parties to file supplemental briefing.

# II. BACKGROUND

## A. Defendant's Convictions and Sentencing

In May 1999, Defendant and four others were charged in a multiple count indictment. (D.I. 2). Count One charged Defendant and his co-defendants with conspiracy to distribute cocaine and crack cocaine from mid-November 1998 to May 11, 1999, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) and § 846. (*Id.*). Count Four charged Defendant by himself with distribution of crack cocaine on April 21, 1999, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). (*Id.*). Two of the defendants entered guilty pleas and testified at trial as government witnesses. (D.I. 206 at 2) Defendant and the remaining co-defendants were tried before a federal jury in September and October 1999. Defendant was convicted of the charges set forth in Counts One and Four, and the remaining co-defendants were convicted of at least one count each. (*Id.*). Defendant's conviction under Count One carried a mandatory minimum of ten years' imprisonment and a statutory maximum of life, *see* 21 U.S.C. § 841(b)(1)(B), and his conviction under Count Four carried a mandatory minimum of five years and a statutory maximum of forty years. *See* 21 U.S.C. § 841(b)(1)(B); (D.I. 463 at 4).

1

The United States Probation Office prepared a final Presentence Investigation Report ("PSR") prior to Defendant's sentencing, which stated that he distributed 388.55 grams of crack (7,771 kilograms of marijuana) and 1,301.73 grams of cocaine powder (260.346 kilograms marijuana), for total of 8,031.346 kilograms of marijuana.  *See United States v. Scott*, C.A. No. 17-2071, Appellant's Uncontested Motion for Summary Action and to Stay Briefing, at 2 (3d Cir. Mar. 1, 2018).  The PSR calculated Defendant's base offense level at 40 based on the quantity and type of drugs attributable to him along with applicable enhancements.  (D.I. 463-1 ¶ 46).  Defendant was characterized as a career offender based on two prior convictions, one for second degree assault and another for possession with intent to distribute cocaine.  (*Id.* ¶ 47).  The drug guideline, however, was used to calculate Defendant's total offense level, because his offense level under the drug guideline (40) was higher than his base offense level under the career offender guideline (37), and the enhanced career offender criminal history category VI was used in place of what otherwise would have been a criminal history category IV.  (*Id.* ¶¶ 47, 72, 73).  Finally, the PSR calculated Defendant's Sentencing Guidelines Range from 360 months to life imprisonment. (*Id.* ¶ 90).

Defendant made a number of objections in advance of sentencing, including the argument that he should not be held accountable for drug weights for the acquitted offenses and the argument that he was not a career offender.  (*Id*. at Def. Objs.).  The now-retired Honorable Roderick R. McKelvie adopted the PSR's factual findings, the Sentencing Guidelines calculation, and the position of the United States Probation Office and the Government as to each of Defendant's objections to the PSR.  (D.I. 463-2 at 13-14).  In January 2000, Judge McKelvie sentenced Defendant to 360 months' imprisonment, which represented the bottom of the then-mandatory Guidelines range.  (D.I. 133; D.I. 463-2 at 17).

### B. Defendant's Appeal

Defendant appealed his sentence, alleging, *inter alia*, that the drug weights attributed to him had not been proven to the jury. *See* Brief for Appellant Scott, *United States v. Scott*, 2000 WL 34215820 at * 5-6 (3d Cir. 2003). While Defendant's appeal was pending, the United States Supreme Court decided *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Defendant raised *Apprendi* issues in his appeal, and the Third Circuit affirmed Defendant's convictions and sentence of 360 months. (D.I. 256 at 3); *see also United States v. Scott*, 259 F.3d 717 (3d Cir. May 7, 2001) (Table). The Third Circuit explained that the statutory maximum of Defendant's offense in violation of 21 U.S.C. § 841(b)(1)(A) (Count One) could no longer be life post-*Apprendi*, and instead had to be 20 years, which is the statutory maximum for a cocaine offense under § 841 when no drug weight is proven to the jury. (D.I. 256 at 9); *see* 21 U.S.C. § 841(b)(1)(C). Nevertheless, the Third Circuit held that Defendant's 30 year sentence was constitutional, because 30 years was within the combined statutory maximum of 40 years for the two drug convictions (each conviction carried a 20 year statutory maximum under § 841 because no drug quantity was pled). (*Id*. at 9 & n.4). The Court of Appeals did, however, reverse the 5 year term of supervised release imposed against Defendant, because the statutory maximum term of supervised release for a conviction under 21 U.S.C. § 841(b)(1)(C) is only 3 years. (*Id*. at 10; D.I. 172). Thereafter, Defendant was resentenced in June 2001 to a 3 year term of supervised release, with all other aspects of his original sentence remaining unchanged. (D.I. 178; D.I. 428).

### C. Defendant's Post-Conviction Motions

In May 2002, Defendant filed a § 2255 Motion challenging his sentence based on ineffective assistance of counsel. (D.I. 192). The now-retired Honorable Joseph J. Farnan denied the § 2255 Motion, except to allow Defendant to file a petition for a writ of certiorari of his appeal

3

to the Supreme Court; the petition for a writ of certiorari was subsequently denied. (D.I. 206; D.I. 249). Thereafter, Defendant filed a number of additional collateral attacks on his sentence, invoking 28 U.S.C. § 2255 and/or Federal Rule of Civil Procedure 60(b) and (d), each of which were denied. (D.I. 289; D.I. 367; D.I. 373; D.I. 382; D.I. 392).

On April 20, 2016, Defendant filed a *pro se* application for leave to file a second or successive § 2255 motion (No. 16-1947) in the Third Circuit Court of Appeals. (D.I. 400 at 2 ¶4). On June 27, 2016, given the uncertainty of the interplay between the one year statute of limitations for § 2255 motions and Defendant seeking relief under *Johnson v. United States*, 576 U. S. 591 (2015), the Federal Public Defender's Office for the District of Delaware filed a protective § 2255 Motion in this Court, acknowledging that Defendant had already filed in the Third Circuit a *pro se* application for leave to file a second or successive § 2255 motion. (D.I. 400). The protective § 2255 Motion alleged that Defendant was entitled to resentencing because he is no longer considered a career offender after the Supreme Court's ruling in *Johnson.* (*Id*.; D.I. 435). The Court of Appeals granted Defendant permission to file the second or successive § 2255 Motion in October 2017. (D.I. 419).

In August 2016, around the same time period that Defendant filed his successive § 2255 Motion, Defendant filed a motion under 18 U.S.C. § 3582(c)(2) ("§ 3582 Motion") to be resentenced based on a retroactive amendment to the drug guideline, Amendment 782.[1] (D.I. 404).

---

[1] In 2014, the United States Sentencing Commission revised the guidelines applicable to drug trafficking offenses by changing base offense levels. That amendment is known as "Amendment 782." *See* U.S. Sentencing Commission, Amendment to the Sentencing Guidelines, available at https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/20140718_RF_Amendment782.pdf (last accessed on March 28, 2019).

The § 3582 Motion also contained an additional challenge to the weight of crack attributed to him in his PSR at his January 2000 sentencing. (*Id*. at 3).

The Government originally opposed Defendant's § 3582 Motion, arguing that Amendment 782 would not lower Defendant's guideline because of his status as a career offender. (D.I. 409). According to the Government, even if the drug guidelines were no longer used to calculate his Sentencing Guidelines, the career offender calculation with a prior conviction under 21 U.S.C. § 841(b)(1)(A) would be a 37 (which was the career offender guideline at Defendant's sentencing). (*Id*.; D.I. 451-1 ¶ 47). The now-retired Honorable Sue L. Robinson denied Defendant's § 3582 Motion, and Defendant appealed that decision. (D.I. 407; D.I. 414). On appeal, Defendant filed an unopposed motion for summary action arguing that he was entitled to relief under Amendment 782. *See United States v. Scott*, No. 17-2017, Unopposed Motion filed by Appellant Joseph Scott for Summary Action, at 9 (3d Cir. Mar. 1, 2018). Defendant's unopposed motion in the Third Circuit Court of Appeals asserted the following:

> The 20-year statutory maximum was stated in the Court's 2001 opinion, but [Defendant's] career offender enhancement was based in part on a drug conviction. Thus, the parties' review of the grounds for this motion considered the 20-year statutory maximum penalty and the 30-year statutory maximum that applies under § 841(b)(1)(C) if there is a conviction for a prior felony offense.

*United States v. Scott*, No. 17-2017, Unopposed Motion filed by Appellant Joseph Scott for Summary Action, at 8 n.3. In September 2018, the Third Circuit vacated the original Order denying Defendant's § 3582 Motion (D.I. 404) and remanded the matter to this Court. (D.I. 442).

In August 2018, Defendant filed a Motion to Correct the drug weight in the PSR pursuant to Federal Rule of Criminal Procedure 36. (D.I. 441).

On February 15, 2019, the Court ordered the Government to respond to Defendant's authorized second or successive § 2255 Motion (D.I. 400; D.I. 435; D.I. 455), the § 3582 Motion

5

(D.I. 404), any subsequent amendments/supplements to the § 3582 Motion, and the Rule 36 Motion to Correct the PSR (D.I. 441; D.I. 454). Defendant filed a Brief in support of his § 3582 Motion on February 28, 2019, arguing that he is entitled to a reduced sentence under Amendments 706, 750, and 782. (D.I. 460).

On March 29, 2019, the Court granted Defendant's § 3582 Motion (D.I. 404) to the extent it was based on Amendment 782, and reduced his sentence to 324 months, without ruling on Defendant's challenge to the weight of crack attributed to him at this original sentencing through the PSR. (D.I. 462). Defendant appealed the Court's Order granting his § 3582 Motion, arguing that the Court should have permitted him to challenge the type and quantity of drugs attributed to him at sentencing. (*See* D.I. 508-1 at 6).

On April 5, 2019, Defendant filed a Rule 35(a) Motion to Correct Illegal Sentence, arguing that the "concurrent 324 month sentences exceed the [20 year] statutory maximum" for 21 U.S.C. § 841(b)(1)(C). (D.I. 466).

On April 23, 2019, the Court denied Defendant's authorized second or successive § 2255 Motion as time-barred and also denied his Rule 36 Motion to Correct the PSR because the alleged error was not clerical in nature. (D.I. 469; D.I. 470).

On November 6, 2019, the Court denied Defendant's Rule 35(a) Motion for lack of jurisdiction after determining that it was untimely. (D.I. 485 at 10; D.I. 486).

In July 2020, the Third Circuit affirmed the Court's Order (D.I. 462) reducing Defendant's term of imprisonment to 324 months pursuant to Amendment 782, and also explained that the Court properly declined to grant relief based on the other amendments Defendant cited in the § 3582 motion (D.I. 404) and his Brief in support of the § 3582 motion (D.I. 460). (D.I. 508-1 at 8, n.4).

Meanwhile, between March 2019 and November 2019, Defendant filed the four First Step Motions for Sentence Reduction presently pending before the Court. (D.I. 461; D.I. 483; D.I. 484; D.I. 489). Defendant contends that his sentence should be reduced from 324 months to 240 months under the First Step Act because he "still is unquestionably sentenced pursuant to 21 U.S.C. § 841(b)(1)(B), which the First Step Act Section 404 undoubtedly covers." (D.I. 483 at 2; *see also* D.I. 484 at 2).

### III.   APPLICABLE LAW

The Fair Sentencing Act of 2010 ("Fair Sentencing Act") reduced the sentencing disparity between crack cocaine and powder cocaine from 100:1 to 18:1. *See* Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372 (2010); *Dorsey v. United States*, 567 U.S. 260, 269 (2012). Section 2 of the Fair Sentencing Act changed the threshold amount of crack cocaine triggering a 5-year mandatory minimum and 40-year statutory maximum under § 841(b)(1)(B) from 5 grams to 28 grams, and the threshold for a 10-year mandatory minimum under § 841(b)(1)(A) from 50 grams to 280 grams. *See* Pub. L. 111-220, 124 Stat. 2372, 2372 (2010); *Dorsey*, 567 U.S. at 269. Section 3 eliminated the mandatory minimum sentence for simple possession of crack cocaine. *See Dorsey*, 567 U.S. at 269. The Fair Sentencing Act, however, did not make any changes to 21 U.S.C. § 841(b)(1)(C), which carries no mandatory minimum and a statutory maximum of 20 years.

In 2018, Congress passed Section 404 of the First Step Act, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018), which makes Sections 2 and 3 of the Fair Sentencing Act retroactively applicable. *See United States v. Easter*, 975 F.3d 318 (3d Cir. 2020). The criteria for eligibility under Section 404 of the First Step Act are as follows: (1) the defendant committed the offense of conviction ("covered offense") before August 3, 2010 and the offense is one for which the statutory

penalties were modified by Sections 2 or 3 of the Fair Sentencing Act of 2010; (2) the defendant was neither sentenced nor resentenced under Sections 2 or 3 of the Fair Sentencing Act; and (3) the defendant has not had a motion under the First Step Act denied on the merits. *See* First Step Act of 2018, Public Law 115-391, § 404, 132 Stat. 5194, 5222 (2018).

When presented with a First Step Act motion seeking a reduction in sentence, a district court's "initial inquiry concerns eligibility – whether a defendant has committed a 'covered offense.'" *Jackson*, 964 F.3d at 200. The Third Circuit recently joined the First, Second, Fourth, Fifth, Sixth, Seventh, Eighth, and Eleven Circuits in holding that "Congress intended eligibility to turn on a defendant's statute of conviction rather than his conduct." *Id.* at 202. The Third Circuit also joined a number of other Circuits in holding that convictions under 21 U.S.C. § 841(b)(1)(C) are not "covered offenses" under the First Step Act. *See United States v. Birt*, 966 F.3d 257, 265 (2020); *see also United States v. Foley*, 798 F. App'x 534, 536 (11th Cir. 2020) (same); *United States v. Martinez*, 777 F. App'x 946, 947 (10th Cir. 2019); *but see United States v. Smith*, 954 F.3d 446, 449 (1st Cir. 2020) (concluding that a violation of § 841(b)(1)(C) is a "covered offense" for the purposes of the First Step Act); *United States v. Woodson*, 962 F.3d 812, 817 (4th Cir. 2020) (same).

Notably, even if a defendant is eligible for a sentence reduction, relief under the First Step Act is discretionary. *See* First Step Act of 2018, Pub, L. No. 114-391, § 404(c), 132 Stat. 5194, 5222 (2018); *see also United States v. Jackson*, 964 F.3d 197, 201 (3d Cir. 2020). After determining that a defendant is eligible for relief under the First Step Act, courts in the Third Circuit are required to "consider all of the [18 U.S.C.] § 3553(a) factors to the extent they are applicable" when "deciding whether to exercise [their] discretion [. . .] to reduce a defendant's sentence, including the term of supervised release." *United States v. Easter*, 975 F.3d 318, 326

8

(3d Cir. 2020). Those factors include: (1) "the nature and circumstances of the offense"; (2) "the history and characteristics of the defendant"; (3) "the need for the sentence imposed;" and (4) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a). Courts should also consider any relevant "post-sentencing developments, such as health issues or rehabilitation arguments[]," *Ester*, 975 F.3d. at 327. Finally, a defendant seeking First Step Act relief "is not entitled to a plenary resentencing hearing at which he would be present." *Id*. at 326.

## IV. DISCUSSION

The Government argues that Defendant is ineligible for relief because his convictions are not "covered offenses" under the First Step Act, stating that "the record in this case has already conclusively demonstrated that Defendant's convictions are for 21 U.S.C. § 841(b)(1)(C), containing no mandatory minimum time and a 20-year statutory maximum each." (D.I. 503 at 1). The Government appears to premise its re-characterization of Defendant's convictions as being pursuant to 21 U.S.C. § 841(b)(1)(C) on circumstances surrounding two procedural events that occurred during the history of this case. First, the Government states that "no drug weight was proven to the jury [. . . and, because] *Apprendi v. New Jersey*, 530 U.S. 466 (2000), was decided while Defendant's appeal was pending, he was given the benefit of that decision." (D.I. 503 at 1 n.1). Second, the Government describes its role in Defendant's unopposed motion for summary action on appeal from the denial of Defendant's § 3582 Motion as follows:

> The government originally opposed Defendant's § 3582 motion, but then subsequently conceded on appeal that defendant was correct that his convictions, although styled as under § 841(b)(1)(A) and § 841(b)(1)(B), were actually under § 841(b)(1)(C), because they had each a 20-year statutory maximum and no mandatory minimum time.

(*Id*. at 4).

9

The Court rejects the Government's re-characterization of Defendant's conviction as being under § 841(b)(1)(C). To begin, while the Court has no knowledge about the content of any discussions the Government and Defendant's counsel may have had on the topic, the unopposed motion Defendant filed in his § 3582 appeal does not assert or suggest that Defendant was **convicted** of violating § 841(b)(1)(C).[2] *See United States v. Scott*, No. 17-2017, Unopposed Motion filed by Appellant Joseph Scott for Summary Action, at 8 n.3 (3d Cir. Mar. 1, 2018). Second, the record in this case undeniably demonstrates that: (1) Defendant's indictment charged him with, *inter alia*, violating § 841(b)(1)(A) and § 841(b)(1)(B);[3] (2) the jury found Defendant guilty of violating § 841(b)(1)(A) and § 841(b)(1)(B); and (3) Defendant was sentenced for violating § 841(b)(1)(A) and § 841(b)(1)(B).[4]

---

[2] Defendant's unopposed motion in the Third Circuit Court of Appeals asserted the following:

> The 20-year statutory maximum was stated in the Court's 2001 opinion, but [Defendant's] career offender enhancement was based in part on a drug conviction. Thus, the parties' review of the grounds for this motion considered the 20-year statutory maximum penalty and the 30-year statutory maximum that applies under § 841(b)(1)(C) if there is a conviction for a prior felony offense.

*United States v. Scott*, No. 17-2017, Unopposed Motion filed by Appellant Joseph Scott for Summary Action, at 8 n.3.

[3] Since Defendant was prosecuted before *Apprendi*'s requirement that drug-quantity findings increasing a defendant's punishment must be made by a jury based on a "beyond a reasonable doubt" standard of proof, his indictment did not charge a minimum drug quantity, nor was a minimum drug quantity submitted to the jury.

[4] When Judge McKelvie sentenced Defendant to 360 months (30 years), he explained, "This sentence reflects a term of imprisonment of ten years mandatory minimum for Count 1 and [a] term of five years mandatory minimum for Count 4." (D.I. 427 at 16). This language clearly demonstrates that Judge McKelvie sentenced Defendant for violating federal criminal statutes 21 U.S.C. §§ 841(b)(1)(A) and (b)(1)(B). The Court also notes that, in 2015, Defendant unsuccessfully moved to "correct the record" to reflect that he was convicted under § 841(b)(1)(C) due to the Third Circuit's reference to that subsection in

10

In short, neither the Government's description of its position during Defendant's § 3582 appeal nor the Third Circuit's reference to § 841(b)(1)(C) in its decision affirming Defendant's overall 360 month prison sentence (but not supervised release) "stylistically" changed Defendant's statutes of convictions from §§ 841(b)(1)(A) and (b)(1)(B) to § 841(b)(1)(C). Given the foregoing, the Court concludes that Defendant is eligible for relief under the First Step Act, because: (1) Section 2 of the First Step Act modified the penalties under §§ 841(b)(1)(A) and (b)(1)(B) for § 841(a) violations involving crack cocaine; (2) Defendant committed his offenses before the Fair Sentencing Act's enactment in 2010; (3) his sentence has not been reduced pursuant to the Fair Sentencing Act; and (4) he has not previously been denied First Step relief.

The fact that Defendant is eligible for First Step relief, however, does not mean that he is automatically entitled to a reduced sentence. Rather, it entitles Defendant to a substantive review of his First Step Motions on their merits. Here, the parties concluded their briefing for the instant First Step Motions before the decision in *Easter*, and they did not address the § 3553 factors the Court is required to consider when deciding whether to grant Defendant relief. Thus, the Court will permit the parties additional time to submit supplemental briefing addressing the § 3553

---

its appellate decision. (D.I. 391). Judge Robinson rejected Defendant's motion, stating that the:

> Third Circuit's unpublished opinion dated May 7, 2001 [. . .] explicitly asserts that movant "was convicted of counts one and four of the indictment: conspiracy to distribute cocaine and crack in violation of 21 U.S.C. §§ 841(a)(1) & **(b)(1)(A)**, & 21 U.S.C. § 846, and distribution of crack in violation of 21 U.S.C. §§ 841(a)(1) & **(b)(1)(B)**." The opinion reveals that the Third Circuit's reference to 21 U.S.C. § 841(b)(1)(C) concerned the maximum sentence of imprisonment for each of movant's crimes, not the offenses for which he was indicted, tried, and convicted. Therefore, contrary to movant's assertion, the record does not need "correcting."

(D.I. 394 at 1-2) (internal citations omitted) (emphasis in original).

11

factors and providing any additional information they wish the Court to consider in deciding whether to grant Defendant relief.

## V. CONCLUSION

For the reasons discussed, the Court concludes that Defendant is eligible for relief under the First Step Act, but requires further information to determine if it should exercise its discretion to grant such relief. Consequently, as set forth in the following Order, the parties shall provide additional briefing addressing the all applicable § 3553 factors.